**W. R. ANDERSON et al., Appellants,**

v.

**Robert F. SMITH, Commissioner of the Department of Transportation of the State of Tennessee, Appellee.**

Supreme Court of Tennessee.

March 10, 1975.

Walter L. Price, Bryant, Price, Brandt & Jordan, Johnson City, for appellants.

Milton P. Rice, Atty. Gen. and Reporter, Russell G. Lazenby, Asst. Atty. Gen., Nashville, Olan G. Haynes (Sp. Trial Counsel), Hicks, Arnold & Haynes, Johnson City, for appellee.

## OPINION

COOPER, Justice.

This appeal is from an order entered in the Circuit Court of Washington County permitting the State of Tennessee to take a voluntary nonsuit in a condemnation action.

Robert F. Smith, Commissioner of the Department of Transportation of the State of Tennessee, filed a petition seeking to condemn the property of the appellants for highway purposes under T.C.A. Sections 23–1528 et seq. Simultaneously with the filing of the petition for condemnation, appellee deposited $22,925.00 as the amount of damages estimated to be due appellants as provided by T.C.A. Section 23–1529. Appellee also served notice that he would seek an order of immediate possession.

Appellants withdrew the funds deposited with the petitioner by the clerk and filed

an answer in which they admitted that appellee had the right to condemn and to take immediate possession of the property, putting in issue only the amount of compensation to be paid by appellee for the land condemned.

On August 23, 1972, on application of appellee, the trial court entered an order granting to appellee immediate possession of the property condemned and authorizing the clerk to issue a Writ of Possession for the enforcement of the order, if necessary.

Nine months later, on May 23, 1973, appellee filed a motion seeking permission to abandon the condemnation action and asking the court to require appellants to repay into court the deposit withdrawn by them, less damages as provided in T.C.A. Section 23-1539(2).

Appellants opposed the motion, contending that "no abandonment or non-suit may be taken under the laws of this state after possession has been taken under proper order of the court unexpected to and unappealed from."

The trial court sustained the motion, entered an order of nonsuit, and ordered appellants to repay the deposit withdrawn by them less attorney fees of $630.00 incurred by appellants in the condemnation action. This appeal resulted.

The State of Tennessee and its agencies are given the option of condemning property under the procedure set forth in T.C.A. § 23-1401 et seq., which provides for a jury of view to fix the compensation due the landowner before possession can be decreed to the condemner, or under Sections 23-1526 et seq., which provides that the condemner shall determine the amount of compensation due the property owner and deposit the amount in court at the time of filing the petition, after which possession can be decreed to the condemner.

T.C.A. § 23-1539, which is applicable to condemnation proceedings whether instituted under T.C.A. § 23-1401 et seq. or T.C.A. § 23-1526 et seq., provides that:

"The state court having jurisdiction of a proceeding initiated by any person, agency, or other entity to acquire real property by condemnation shall award the owner of any right, or title to, or interest in, such real property such sum as will in the opinion of the court reimburse such owner for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred because of condemnation proceedings, if:

(1) the final judgment is that the acquiring party cannot acquire the real property by condemnation; or

(2) the proceeding is abandoned by the acquiring party."

The main thrust of the legislative action is directed to compensating landowners for attorney fees and expenses actually incurred in preparation for trial of a condemnation action later abandoned by the condemner. There is nothing in this code section to indicate a legislative intent to define the conditions for exercising the right of abandonment by the condemner, nor the stage in the proceedings when the condemner can take a nonsuit as a matter of right.

The several cases in which this court has been called upon to determine whether a nonsuit was properly granted have been in suits brought under T.C.A. § 23-1401, but principles there established are applicable to condemnation actions brought under T.C.A. § 23-1526.

In one such case, Williams v. McMinn County, 209 Tenn. 236, 352 S.W.2d 430 (1961), this court held that T.C.A. § 20-1311 and T.C.A. § 20-1313, which dealt with nonsuits and dismissals in jury and nonjury trials, applied to proceedings to condemn property for public use. See also Huff v. Department of Highways, 3 Tenn.App. 277 (1926); Ragland v. Davidson County Board of Education, 203 Tenn. 317, 312 S.W.2d 855 (1958).

T.C.A. Sections 20–1311 and 20–1313, which were repealed on passage of the Tennessee Rules of Civil Procedure, formed the predicate for Rule 41.01. See Committee Comment to the Rule. Rule 41.01 grants the plaintiff the *right* "to take a voluntary nonsuit or to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of the cause; or by an oral notice of dismissal made in open court during the trial of a cause; or in jury trials at any time before the jury retires to consider its verdict and prior to the ruling of the court sustaining a motion for a directed verdict," except when a motion for summary judgment made by an adverse party is pending. And where a summary judgment is pending, the right to a nonsuit rests in the sound discretion of the trial judge. Stewart v. University of Tennessee, 519 S.W.2d 591, Tenn.1974. Though not stated in the rule, the right of plaintiff to a nonsuit is subject to the further restriction that the granting of the nonsuit will not deprive the defendant of some right that became vested during the pendency of the case. Cf. Williams v. McMinn County, *supra*; Brackin v. McGannon, 137 Tenn. 207, 192 S.W. 922 (1916); Huggins v. Nichols, 59 Tenn.App. 326, 440 S.W.2d 618 (1968).

A landmark case in this state dealing with the question of what state of the proceeding the condemner can or cannot take a voluntary nonsuit is Cunningham v. Memphis Railroad Terminal Company, 126 Tenn. 343, 149 S.W. 103. Although this case was decided in 1912, it has consistently been followed in later cases. [City of Nashville v. Dad's Auto Accessories, Inc., 154 Tenn. 194, 285 S.W. 52 (1925); Department of Highways & Public Works v. Gamble, et al., 18 Tenn.App. 95, 73 S.W.2d 175 (1934); Huff v. Department of Highways, 3 Tenn.App. 277 (1926)] The *Cunningham* case, *supra*, points up three separate stages of a condemnation suit brought under T.C.A. § 23–1401 et seq., where it is too late for the condemner to take a nonsuit: (1) Where the report of a jury of view has been confirmed without exception or appeal and the land has been decreed to the condemner; (2) Where an appeal is prosecuted from an award by a jury of view only as to damages and is in all other respects confirmed and bond has been executed by the petitioner and possession of the land decreed to him; (3) Where the case has been finally submitted to the jury or the trial court for determination.

The court went on to say in the *Cunningham* case, *supra*, 126 Tenn. at page 350, 149 S.W. at page 104, that eminent domain actions are dual in their nature, or take on that character, and that:

"We have several cases which, if they do not formulate the proposition, yet are based upon the theory that, where nothing but the assessment of damages is appealed from, this matter only will be affected by the appeal, and the confirmation of the report will in other respects stand, and the petitioner may, by giving bond, take possession of the property and proceed with its work, while in the meanime [sic] the litigation on the appeal as to the amount of damages may proceed in the circuit court to its termination. In such a case, when the bond has been given, the right of condemnation of the land involved is regarded as settled, and the litigation as to the damages dissociated therefrom; that is, by such dissociation it takes on the character of a separate litigation for the benefit of the landowner, to enable him to obtain the damages due him."

In Ragland v. Davidson County Board of Education, 203 Tenn. 317, 312 S.W.2d 855 (1958), in upholding the right of the Board of Education to take a nonsuit after the board of appraisers had returned their report and the board had authorized the county attorney to proceed with acquisition of the property being condemned, this court said:

"Under this provision of the Code (Sections 20–1310 and 20–1313) as to taking a nonsuit this court in Cunning-

ham v. Memphis Railway Terminal Co., 126 Tenn. 343, 149 S.W. 103, Ann.Cas. 1913E, 1058, has made various statements laying down a very clear rule when a nonsuit might be taken in an eminent domain or condemnation case. This Court there held that after the report of the jury of view, but before its confirmation and before bond had been given in double the amount of damages found by the jury of view, the petitioner . . . may take a nonsuit, even though it had incidentally invaded the possession of the defendant, *if it has not taken possession under any order of Court*, where it is made to appear that the enterprise had become impractical and it has been abandoned (emphasis supplied)."

In Department of Highway and Public Works v. Gamble, 18 Tenn.App. 95, 73 S.W.2d 175 (1934), with certiorari being denied by this court, the court pointed out that "it was too late to take a nonsuit after condemnation and actual appropriation of the land." See also Nichols on Eminent Domain, Section 26.41, wherein it is stated that "it is generally held that actual possession of the property by the condemnor ordinarily precludes discontinuance of the proceeding," citing Department of Highways and Public Works v. Gamble, *supra* and Johnson City v. Unaka Milling Co., 7 Tenn.Civ.App. 490.

We reason from these cases and from Rule 41.01 of the Tennessee Rules of Civil Procedure that the condemner has the right to take a nonsuit at any time prior to the case being submitted to the trier of fact for decision, unless the condemner has taken possession of the property under court order issued under circumstances leaving nothing to be decided by the court except the compensation to be paid the owner for the land taken.

In this case the appellee elected to condemn appellant's property under Section 23–1526 et seq. Under these statutes, instead of a jury of view the condemner determines the amount the appellants (land owners) are entitled to in payment for the property taken and pays this amount into court. Where, as in this case, the owner of the property does not challenge the condemner's right to take the property but excepts only to the amount tendered in payment of the property, the condemner's right to take the property is settled and the only issue that can be tried thereafter is the amount of compensation to be paid for the property or property rights taken. T.C.A. § 23–1535. At this stage of the proceedings, as when an appeal is taken from the award of a jury of view in a condemnation proceeding under T.C.A. § 23–1401 et seq. the condemner is entitled to immediate possession of the property and, in fact, was granted the right to immediate possession by order of the court in this case. The record is silent as to the authority appellee actually exercised over the property after securing the order of possession, but in any event the effect of the order was to deprive the owner of the complete and free use of the land at least during the nine months between entry of the order of possession and entry of the order of nonsuit.

Under these circumstances, we hold that when the appellee obtained a court order for possession of the property being condemned, leaving nothing to be decided except the compensation to be paid appellants for the land taken, the appellee lost its right to take a nonsuit over the objections of the appellants.

Accordingly, the judgment of the trial court is reversed and the cause is remanded for trial to determine the amount of compensation to be paid appellants for the property taken by the State in this proceeding. Costs incident to the appeal are adjudged against the appellee.

FONES, C. J., and HENRY, BROCK and HARBISON, JJ., concur.