**WEST WILSON UTILITY DISTRICT, Plaintiff/Appellant,**

**v.**

**Herschel Cloyd LIGON and wife, Lillie Ligon, Defendants/Appellees.**

Court of Appeals of Tennessee, Western Section, at Nashville.

May 27, 1988.

Permission to Appeal Denied by Supreme Court Aug. 22, 1988.

Jere N. McCulloch, Rochelle, McCulloch & Aulds, Lebanon, for plaintiff/appellant.

James H. Kinnard, Lebanon, for defendants/appellees.

HIGHERS, Judge.

This interlocutory appeal is from the Circuit Court at Wilson County. Plaintiff is appealing from an order of the Circuit Court allowing defendants the right to withdraw the funds plaintiff deposited with the court clerk in a condemnation proceeding.

Plaintiff, West Wilson Utility District, is a water utility district established pursuant to T.C.A. § 7–82–101 *et seq.*, "The Utility District Law of 1937." Plaintiff is in the business of supplying safe and sanitary city water to the western portion of Wilson County, Tennessee. In an effort to expand its operations better to meet the needs of the area, plaintiff determined that it needed to construct a 5,000,000 gallon water tank. The best location for this tank is on approximately .669 acres of property owned by defendants Herschel Cloyd Ligon and Lillie Ligon. Plaintiff presently has a 1,000,000 gallon tank located on defendants' property and the proposed tank would be placed immediately adjacent to it.

Plaintiff filed this condemnation proceeding on March 21, 1987, in the Circuit Court at Wilson County. In its complaint plaintiff prayed for "immediate possession of the property upon the posting of a bond in a sum determined by the Court." A hearing was held on March 27, 1987, and the trial court, sitting without a jury, granted plaintiff the right to immediate possession of the property after it posted a $25,000 bond with the Circuit Court Clerk. Plaintiff posted the $25,000 cash bond and defendants, pursuant to T.C.A. § 29–17–806 (1985), requested the trial court for a withdrawal of these funds. The trial court granted this request and plaintiff now appeals from this interlocutory order.

The only issue we must decide on this appeal is whether, in a condemnation proceeding instituted by a utility district, defendants have the right to withdraw funds placed on deposit with the court clerk pending a final decision of the case on the merits.

As noted earlier, plaintiff utility district was established pursuant to T.C.A. § 7–82–101 *et seq.* and was granted the right to exercise eminent domain powers. T.C.A. § 7–82–305 (1985) provides:

> **Eminent domain.**—Any district shall have power to condemn either the fee or such right, title interest, or easement in the property as the board may deem necessary for any of the purposes mentioned in this chapter, and such property or interest in such property may be so acquired whether or not the same is owned or held for public use by corporations, associations or persons having the power

of eminent domain, or otherwise held or used for public purposes; provided, however, such prior public use will not be interfered with by this use. Such power of condemnation may be exercised in the mode or method of procedure prescribed by chapter 16 of title 29, or in the mode or method or procedure prescribed by any other applicable statutory provisions now in force or hereafter enacted for the exercise of the power of eminent domain; provided, however, that where title to any property sought to be condemned is defective, it shall be passed by decree of court; provided, further, that where condemnation proceedings become necessary the court in which such proceedings are filed shall, upon application by the district and upon the posting of a bond with the clerk of the court in such amount as the court may deem commensurate with the value of the property, order that the right of possession shall issue immediately or as soon and upon such terms as the court, in its discretion, may deem proper and just.

The procedure as set forth in T.C.A. §§ 29–16–101—29–16–124, provides that a jury of view must fix the compensation due a landowner before possession can be decreed to the condemnor. However, the General Assembly, in enacting T.C.A. §§ 29–17–701—29–17–814, provided a supplementary method of condemning property. Under these sections, the condemnor must determine the amount of compensation due the property owner and then deposit that amount with the court clerk so that possession can be immediately decreed in the condemnor. Either of these methods may be used by the condemning authority. *Anderson v. Smith,* 521 S.W.2d 787 (Tenn. 1975).

Defendants rely on T.C.A. § 29–17–801 (Supp.1987) and T.C.A. § 29–17–806 (1985) to support their right to withdraw the funds.

**29–17–801. Eminent domain for state, county or municipal road purposes—Supplementary condemnation procedure for counties and municipalities.—**

\* \* \* \* \* \*

(b) Sections 29–17–802—29–17–814 shall also be deemed, unless expressly stated to the contrary, and without incorporation or reference, to be a part of every section, or legislative act, present or future, which grants the power of condemnation to counties and municipalities for county and municipal purposes respectively, and the making of compensation in the manner therein set forth shall also be so implied; provided, however, that either party, upon filing a statement to that effect within five (5) days of the service or publication of the original petition, may elect to proceed under the provisions of § 29–16–101 et seq. or § 29–17–101 et seq.

**29–17–806. Payment of amount deposited pending trial.—**If the owner asks for a trial as provided by § 29–17–805 he may, if he so desires, make written request to the clerk to pay to him, without prejudice to the rights of either party, said sum so deposited with the clerk, and the clerk shall pay to said owner the sum so deposited, provided the owner agrees to refund the difference between said sum and the final award in the case if the final award be less than the sum so paid to him or that a judgment may be entered against him in said case for the difference.

Plaintiff argues, however, that only T.C.A. § 7–82–305 applies in this action because it was enacted specifically for utility districts as part of "The Utility District Law of 1937." Plaintiff further argues that since this statutory provision provided for only posting of bonds and not for the withdrawal of same, the legislature intended that there could be no withdrawal of the funds and any statutory provisions to the contrary are not applicable.

We do not think that plaintiff is correct in its interpretation of these statutes. It appears to this Court that when the legislature enacted T.C.A. § 7–82–305, it intended to insure that utility districts had the right to take immediate possession of property it

sought to condemn. However, the language of that section indicates that the legislature also intended for utility districts to be subject to any other procedures that might be in effect or that might be enacted in the future. Therefore, although this action is governed by T.C.A. § 7–82–305 requiring a deposit with the court clerk, it is additionally governed by T.C.A. § 29–17–806 which affords defendants a right to withdraw the funds when immediate possession is granted.

The decision of the trial court is affirmed. Costs are taxed against appellants.

TOMLIN, P.J., and CRAWFORD, J., concur.