# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### October 10, 2000 Session

## STATE OF TENNESSEE, ex rel. JUDY LYNN STANLEY v. JOHN FRANK HOOPER

### Appeal from the Juvenile Court for Dickson County
### No. 04-99-009-M     A. Andrew Jackson, Judge

---

### No. M2000-00916-COA-R3-CV - Filed January 11, 2001

---

This is an appeal from the trial court's order finding the appellant to be the natural father of the appellee's minor child. The appellant contends that the trial court erroneously denied the appellant's request for a jury trial and that the trial court erroneously excluded an out of court statement identifying the appellant's brother as a potential father. We affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right ; Judgment of the Juvenile Court
### Affirmed and Remanded

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and WILLIAM B. CAIN, JJ., joined.

David D. Wolfe, Dickson, Tennessee, for the appellant, John Frank Hooper.

Paul G. Summers, Attorney General and Reporter and Stuart Wilson-Patton, Assistant Attorney General, for the appellee, State of Tennessee, Department of Human Services, ex. rel., Judy Lynn Stanley.

### OPINION

This case involves a paternity dispute that initially arose in 1990 and was eventually appealed to this Court. This Court reversed the trial court's judgment of paternity finding that the conclusive presumption of paternity set out at Tenn. Code Ann. § 24-7-112(b)(2)(B) was unconstitutional and remanded the cause so that the appellant would have an opportunity to rebut the presumption of paternity. *State v. Hooper*, No. 01A01-9605-CV-00231, Dickson County (Tenn. Ct. App. filed February 28, 1997, at Nashville). Upon remand, Ms. Stanley non-suited the initial paternity petition in June of 1997 and refiled it in September of 1997.

The evidence established that the appellee began a relationship with the appellant in the mid-1980's.[1] Over the years the parties cohabitated intermittently, and in November of 1988, the appellee had a premature child, fathered by the appellant. The child survived only six days. The parties continued their relationship and, according to the appellee's testimony, again begin living together. Although the appellant went to Texas in the early part of 1989, he returned to Tennessee in March of that year. The appellee testified that the parties continued to live together upon the appellant's return and that she became pregnant in July of 1989 while she was living with the appellant. The appellee admits that she moved out of the appellant's residence in August of 1989. In the latter part of 1989, the appellee wrote several letters to the appellant communicating that he was not the father of the child she was carrying. However, the appellee testified that these letters were written under threats to her life made by the appellant's mother. In addition, one of the letters stated that "as long as me and you know that the baby is yours is all that matters." Ms. Stanley gave birth to Anthony Bryan Stanley in April of 1990.

In September of 1990, the State of Tennessee, as assignee for the appellee, filed a suit to obtain judgment of paternity and support payments against the appellant for the child. A subsequent DNA paternity test established a 99.71% "probability of paternity." The trial court held that Tenn. Code Ann. § 24-7-112(b)(2)(B) entitled the State to summary judgment establishing the appellant's paternity as a matter of law. On appeal to this Court, we found such statutory presumption unconstitutional and remanded the cause so that the appellant would have an opportunity to rebut the presumption of paternity. The State subsequently voluntarily non-suited the original paternity action. Several months later the State filed another petition to establish paternity. The appellant filed an Answer and again denied paternity of the child and demanded a jury trial. The trial court denied the appellant's request for a jury trial and the case was set for a hearing. After a hearing, the trial court entered a judgment finding that the appellant is the legal and biological father of the minor child. The appellant now appeals.

## A. THE JURY TRIAL

The appellant first takes issue with the trial court's denial of his demand for a jury trial. We note that the statute in effect at the time the original paternity action was filed stated that, upon the defendant's demand for a jury trial or if the judge of his own motion orders, "the case shall be transferred to the circuit or chancery court for jury trial on the issue of paternity." Tenn. Code Ann. § 36-2-106(a) (Supp. 1990). This statute was repealed in June of 1997. The current statute governing paternity actions provides that paternity and legitimation actions "shall be without a jury." Tenn. Code Ann. § 36-2-308 (Supp. 1999). This statute became effective July 1, 1997, after the appellee voluntarily non-suited the original paternity action but before the appellee filed the second petition to establish paternity.

---

[1] Although the pertinent facts are, for the most part, set out in our earlier opinion, we find it necessary to recount such facts in this opinion.

The appellant argues that he had a vested right to a trial by jury and that he could not be deprived of that right by the appellee's non-suit in June of 1977. *See Anderson v. Smith*, 521 S.W.2d 787 (Tenn. 1975). We disagree. Although it is hard to pin down the definition of a "vested right," one court defined it as one "which it is proper for the state to recognize and protect and of which [an] individual could not be deprived of arbitrarily without injustice." *Morris v. Gross*, 572 S.W.2d 902, 907 (Tenn. 1978). In a more general sense a vested right

> [m]ust be something more than a mere expectation based upon an anticipated continuance of the existing law; it must have become a title, legal or equitable, to the present or future enjoyment of property or to the present or future enjoyment of a demand, or a legal exemption from a demand made by another; and if before such rights become vested in particular individuals, the convenience of the state induces amendment or repeal of certain laws, these individuals have no cause to complain.

16B Am. Jur. 2d *Constitutional Law* § 703. Here it is important to distinguish a vested right from an accrued right. "A right conferred solely by statute in the public interest may have accrued before the repeal or modification, but does not follow that the accrued right in such cases is a vested right in the constitutional sense." *Id.*

Since there is no constitutional right to a jury trial in a paternity case, *Rooker v. Rimer*, 776 S.W.2d 124 (Tenn. Ct. App. 1989), we think the appellant at most had an accrued statutory right to a jury in the former case. So long as that case continued, the repeal of the statute would not remove the right. *See* Tenn. Code Ann. § 1-3-101 ("the repeal of a statute does not affect any right which <u>accrued</u> . . . nor any proceeding <u>commenced</u>, under or by virtue of the statute repealed.")(emphasis supplied); s*ee also Johnston v. Cincinnati N.O. & T.P. Ry. Co.*, 240 S.W. 429 (Tenn. 1922). But that statutory right was not a vested right that would survive the appellee's non-suit. Therefore when the appellee refiled the action, after the statute had been repealed, the appellant no longer had the right to demand a jury.

## B. THE OUT OF COURT STATEMENT

The appellant further contends that the trial court erred by excluding an out of court statement allegedly made by the appellant's brother, Bill Hooper. At trial, the appellant attempted to introduce evidence regarding a statement allegedly made by Bill Hooper admitting that he had sexual relations with the appellee and that he was the father of the appellee's child. The trial court found the alleged statements were hearsay and did not allow testimony regarding such statements. We note that the evidence established that the appellant's mother, step-father, and sister knew where Bill Hooper lived and how to get in touch with him. However, Bill Hooper was not present and did not testify, in deposition form or otherwise, at the trial. The appellant contends that the trial court erred in excluding testimony regarding the alleged statements. The appellant submits that such statements did not constitute hearsay because the statements were offered as an admission against interest made by an unavailable declarant. *See* Tenn. R. Evid. 804.

We first note that it is undisputed that the statements allegedly made by the declarant constitute hearsay. *See* Tenn. R. Evid. 801(c). However, Rule 804 provides that a statement against interest is not excluded by the hearsay rule if the declarant is unavailable as a witness. Tenn. R. Evid. 804. The rule sets out that "unavailable" includes situations in which the declarant is unable to testify because of death or then existing physical or mental illness or infirmity or where the declarant is absent from the hearing and the proponent of the statement has been unable to procure the declarant's attendance by process. Tenn. R. Evid. 804(a)(4)-(5).

At trial, the appellant claimed that his brother was unavailable to testify because he had suffered an aneurysm. However, there was no evidence presented to substantiate this claim. Therefore, we cannot find that the trial court erred in not finding the declarant unavailable based upon this mere assertion. *See* Tenn. R. Evid. 804(a)(4). The appellant further argues that the declarant was unavailable to testify because he was a resident of Oklahoma, he was beyond the jurisdiction of the trial court, and he was estranged from his family. However, the evidence does not establish that the appellant ever tried to procure the declarant's attendance by process. In fact, the appellant did not even take the declarant's deposition. Furthermore, there is no evidence supporting the assertion that the declarant was estranged from his family or that such alleged estrangement would somehow prevent the declarant from testifying in this cause. As such, we cannot find that the declarant was an unavailable witness under Tenn. R. Evid. 804(a)(5). Therefore, the alleged statements do not fall within the purview of Rule 804 and the trial court correctly excluded the statements as inadmissible hearsay.

The judgment of the trial court is affirmed. The cause is remanded to the Chancery Court of Dickson County for any further proceedings necessary. Tax the costs on appeal to the appellant, John Frank Hooper, for which execution may issue if necessary.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.