IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 14, 2001 Session

## IN RE:  SJLL

**Direct Appeal from the Juvenile Court for Campbell County**
**No. J-8780     Hon. Joseph M. Ayers, Judge**

**FILED MARCH 19, 2001**

**No. E2000-02461-COA-R3-CV**

In paternity action, defendant appeals the Trial Judge's refusal to grant T.R.C.P. Rule 60 relief on the grounds that plaintiff's non-suit was improper, and as a result defendant was denied his right to a jury trial.  We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Juvenile Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

Johnny V. Dunaway, LaFollette, Tennessee, for Defendant-Appellant, Tobby Joe Welch.

Paul G. Summers, Attorney General and Reporter, and Kim Beals, Assistant Attorney General, Nashville, Tennessee, for Appellee, State of Tennessee.

**OPINION**

In this paternity action, the child was born on May 30, 1991, and on June 27, 1995 the mother filed suit to establish paternity, naming appellant.  Appellant answered on July 21, 1995, requesting that the Court approve an Order of Blood Testing to determine paternity.  On October 3, 1995, the mother sought an Agreed Order for genetic testing, which was then ordered by the Court.  On October 24, 1995, appellant demanded a jury.  The mother subsequently sought to compel appellant to undergo genetic testing, which did not occur.

On October 14, 1999, the action was voluntarily dismissed, and appellant on December 10, 1999  filed a Motion to Set Aside the Order of Dismissal, pursuant to Rule 60,

Tennessee Rules of Civil Procedure, which the Trial Judge denied.

On appeal from the Trial Court denying Rule 60 relief, appellant argues that the mother did not comply with the Rules of Civil Procedure, in requesting a non-suit.

The taking of a non-suit is governed by the Tennessee Rules of Civil Procedure, Rule 41, which provides in pertinent part:

> Subject to the provisions of Rule 23.05 or Rule 66 or any statute, and except when a motion for summary judgment is pending, the plaintiff shall have the right to take a voluntary non-suit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of the cause and serving a copy of the notice upon all parties . . .

Tenn. R. Civ. P. 41.01(1).

The taking of a voluntary non-suit is not dependant on the court for approval, nor is the plaintiff required to give prior notice to the taking of a non-suit. *Rickets v. Sexton*, 533 S.W.2d 293, 294 (Tenn. 1976). A plaintiff's right to take a non-suit is absolute, so long as the non-suit complies with the Tennessee Rules of Civil Procedure and does not operate to "deprive the defendant of some right that became vested during the pendency of the case." *Anderson v. Smith*, 521 S.W.2d 787, 790 (Tenn. 1975).

In this regard, appellant argues that the mother did not comply with the Rules in obtaining the voluntary dismissal, but presented the Court with an Order of Voluntary Dismissal. Additionally, he contends he did not receive timely notice of the dismissal.

Rule 41.01 requires that a written notice of voluntary dismissal be filed with the court and that a copy be served upon all parties. The mother filed an Order of Voluntary Dismissal which the Judge approved and entered as an Order on October 15, 1999. Any irregularity in the form of the mother's notice does not defeat her intent to pursue a voluntary non-suit nor her effort to provide notice of this intent. *See Rickets.*

On the issue of notice, the mother certified that she sent a copy of the notice to appellant's last known address, and thereby met the requirements of the Rule. As *Rickets* notes:

> The Rule requires "service," not "delivery" to the opposing party. Tennessee Rule of Civil Procedure 5.02, provides that notice can by made upon a party or a party's representative "by mailing it to such person's last known address" and "service by mail is complete upon mailing." *Id.*

Although not stated in Rule 41.01, the right of plaintiff to a non-suit is subject to the restriction that the granting of the non-suit will not deprive the defendant of some right that became

vested during the pendency of the case. *Anderson*. Appellant insists that the non-suit and subsequent refiling of the paternity action, stripped him of his vested right to have a jury trial and not to be subjected to paternity testing. This Court in *State ex rel. Stanley v. Hooper*, 2001 WL 27378 (Tenn. Ct. App. Jan. 11, 2001) ruled upon this precise issue in terms of an appellant's right to a jury trial in paternity actions. When the *Hooper* case was filed, the statute then in effect stated that, upon the defendant's demand for a jury the case will be transferred to the circuit court for a jury trial on the issue of paternity. Tenn. Code. Ann. § 36-2-106(a) This statute was repealed in June of 1997, and the current statute provides that paternity and legitimation actions "shall be without a jury." Tenn. Code. Ann. § 36-2-308. The statute became effective on July 1, 1997, after Stanley, took a voluntary non-suit on the original paternity action but before she filed the second petition to establish paternity.

As with the appellant in this case, the appellant in Stanley argued that he had a vested right to a jury trial, but the Court held that while the right to a jury trial had been a statutory right, it was not a vested right that would survive the petitioner's non-suit.

On the matter of paternity testing, the 1995 version of Tenn. Code. Ann. § 24-7-112(a)(1), provided that the court, "upon motion of either party at the initial appearance, shall order that all necessary parties submit to any tests and comparisons which have been developed and adapted for the purposes of establishing or disproving parentage." If neither party made a timely request for mandatory testing, testing was still available upon motion by either party at any time, subject to the discretion of the court. Tenn. Code Ann. § 24-7-112(a)(2).

In 1997, the General Assembly revised Tenn. Code Ann. § 24-7-112, to provide that in any contested paternity case, "the court . . . shall order the parties and the child to submit to genetic tests to determine the child's parentage upon the request of any party if the request is supported by an affidavit of the party making the request. . ." In this regard, appellant argues that the Petitioner waived her right to paternity testing in the initial petition because she did not raise it in her first appearance and that by non-suiting, the mother is attempting to eliminate her waiver.

The law in effect at the time of the initial petition made testing mandatory if either party requested it in their initial appearance. Appellant himself requested paternity testing in his answer to the petition, thus making the test mandatory, and the Court ordered such testing as a result of an agreed order submitted by the mother. In this case there is no basis to exempt respondent from genetic testing. We affirm the Trial Judge's ruling in denying appellant's Rule 60 Motion.

The judgment of the Trial Court is affirmed, and the cause remanded, with the cost of the appeal assessed to the appellant.

———————————————
HERSCHEL PICKENS FRANKS, J.