IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 22, 2008 Session

## REBECCA STAFFORD SHELL v. JON E. SHELL

Direct Appeal from the Chancery Court for Sevier County
No. 04-10-528     Hon. Telford E. Forgety, Jr., Chancellor

No. E2007-01209-COA-R3-CV -  FILED JULY 9, 2008

The plaintiff wife filed a Complaint for Divorce.  The parties entered into a mediation which resulted in all issues being resolved in a mediated settlement, and the Final Report of the mediator was filed in Court. The plaintiff then voluntarily nonsuited her action for divorce, and refiled on the same date in Circuit Court.  The Trial Court ultimately set aside the nonsuit, tried the issues raised, approved the mediated settlement and granted the parties a divorce.  On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and SHARON G. LEE, J., joined.

Brent R. Watson and Suzanne N. Price, Knoxville, Tennessee, for appellant.

Cynthia Richardson Wyrick, Sevierville, Tennessee, for appellee.

**OPINION**

The chronology of court filings in this case is most pertinent to resolving the determinative issue on appeal.

The sequential filings are as follows: Plaintiff filed a Complaint for Divorce on October 18, 2004, and charged that the parties had irreconcilable differences;  that the marriage of the parties is "irretrievably broken" and asked the Court to "make a fair and equitable distribution

of the marital property in the event the parties are unable to make a marital dissolution agreement". A Motion for Support was filed on March 21, 2005; Final Report of Mediator filed on July 29, 2005; Motion to Enforce Mediation Agreement filed by defendant on September 1, 2005 (with notice for a hearing set for September 27, 2005); Notice of Nonsuit filed by plaintiff on September 22, 2005; Order of Non-Suit entered on September 22, 2005 (record reveals that plaintiff filed a Suit for Divorce in Circuit Court on September 22, 2005); Motion to Set Aside Nonsuit filed by defendant on September 29, 2005; Answer to Complaint filed by defendant on November 16, 2005, and a Counter-Complaint attaching a copy of the Mediation Agreement; Order entered on December 21, 2005 on hearing on November 3, validated the filing of the Counter-Complaint, but refused to set aside nonsuit; Motion to Reconsider filed on December 28, 2005; Order entered on March 31, 2006, ruling that the Counter-Complaint would relate back to September 1, 2005, the date the defendant filed a Motion to Enforce the Mediation Agreement, ordered the Circuit Court to transfer the divorce case filed by the plaintiff and consolidate it with the Chancery action; Order entered on May 10, 2007 granting the parties a divorce and enforcing the Mediation Agreement and allocating certain properties that were not disposed of in the Mediation Agreement.

At the time of filing the divorce, the wife was 53 and the husband was 61, and they had married on December 3, 1991. They permanently separated in January 2002. The husband is a self-employed dentist and the wife is a self-employed landscaper. The parties had no children together.

Discovery was conducted by the parties and the parties mediated the issues with mediator, Charles Sexton, on July 27, 2005. Plaintiff was accompanied by her attorney, the defendant was accompanied by his attorney. The mediation lasted for a full business day and concluded with the parties entering into a Mediation Agreement that was reduced to a typed document and signed by the parties, their attorneys and the mediator. The Mediation Agreement provided for the division of the property between the parties, and that the parties would be divorced from each other on stipulated grounds. As noted, the mediator filed a final report of the mediation on July 29, 2005, and stated that the mediation resulted in the settlement of the case.

The plaintiff refused to execute a Marital Dissolution Agreement and Final Judgment which set forth the terms of the Mediation Agreement and defendant filed a Motion to Enforce Mediation Agreement as noted, on September 1, 2005.

Ultimately, at the evidentiary hearing, the Chancellor ordered the parties divorced on the stipulated grounds and enforced the Mediation Agreement as to the division of property and addressed the distribution of several pieces of property not covered in the Mediation Agreement.

Plaintiff has appealed raising several issues which essentially may be consolidated in that the Trial Court had no jurisdiction to make further rulings in the case after the nonsuit was entered. But if the Court finds that issue is without merit, then the Trial Court erred in consolidating the Circuit Court case with the Chancery case and erred in upholding the Mediation Agreement.

A trial court's conclusions of law are reviewed under a *de novo* standard upon the record with no presumption of correctness. *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn.1993), and whether a mediated agreement is enforceable is a question of law. *Myers v. Myers,* No. E2004-01362-COA-R3-CV, 2005 WL 936925 at * 1 (Tenn. Ct. App. Apr. 22, 2005). A trial court's findings of fact in a non-jury trial are reviewed *de novo* upon the record., and the trial court is afforded a presumption of correctness unless the preponderance of the evidence preponderates otherwise. Tenn. R. App. P. 13 (d); *Wright v. City of Knoxville,* 898 S.W.2d 177, 181 (Tenn. 1995); *Bogan v. Bogan,* 60 S.W.3d 721, 727 (Tenn.2001)

The first issue raised is whether the Trial Court erred by issuing its Order of Nonsuit and dismissing the case and then later setting aside the order. Nonsuit or voluntary dismissal is governed by Tennessee Rule of Civil Procedure 41.01, which states in relevant part:

> 1) Subject to the provisions of Rule 23.05, Rule 23.06, or Rule 66 or of any statute, and except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause ...; or by an oral notice of dismissal made in open court during the trial of a cause; or in jury trials at any time before the jury retires to consider its verdict and prior to the ruling of the court sustaining a motion for directed verdict. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of plaintiff's motion to dismiss, the defendant may elect to proceed on such counterclaim in the capacity of plaintiff.
>
> * * * *
>
> (3) A voluntary nonsuit to dismiss an action without prejudice must be followed by an order of voluntary dismissal signed by the court and entered by the clerk. The date of entry of the order will govern the running of pertinent time periods.

Tenn. R. Civ. P. 41.01(1).

The Rule provides that a voluntary nonsuit is a matter of right. However, a plaintiff's right to voluntary dismissal without prejudice is subject to exceptions expressed in Rule 41.01(1)[1] as well as an implied exception that prohibits nonsuit when it would deprive the defendant of a vested right acquired during the course of the litigation. *Anderson v. Smith,* 521 S.W.2d 787, 790 (Tenn.1975).

---

[1] Rule 23.05 requires court approval for voluntary dismissal of class actions, Rule 23.06 requires court approval for voluntary dismissal of shareholder derivative actions and Rule 66 requires court approval for voluntary dismissal of actions wherein a receiver has been appointed.

The Tennessee Supreme Court in *Anderson* ruled that if the defendant is deprived of a right that became vested during the pendency of the litigation, a nonsuit was prohibited.[2] Defendant's position is that his rights to the property awarded to him under the Mediation Agreement became vested during the course of the Chancery Court suit and that to uphold the nonsuit would deprive him of his right to the property.[3]

In determining the issue, the nature of the action itself is relevant. American Jurisprudence 2d, Vol. 24 §7, discusses the nature of divorce proceedings:

> An action for a divorce is essentially a proceeding in rem, in the sense that it determines marital status. In personam jurisdiction is not necessary to the dissolution of marriage; as a dissolution proceeding affects status only, such as the marriage itself or custody of the children, the action is in rem, or at least quasi-in rem. The only requirement for a valid judgment is that the res be before the court upon proper notice, and the power of the state to adjudicate interests in land located within the state may be validly exercised even though the person who claims those interests is not personally before the court.

The Tennessee Supreme Court in *Brown v. Brown*, 155 Tenn. 530 (Tenn. 1927) recognized these principles. In *Brown*, the Court held that the marriage was a res and in a divorce action the Court had subject matter jurisdiction over the marriage and its assets, as distinguished from personal jurisdiction over a party.

By filing her complaint, the plaintiff afforded the Court jurisdiction over the res, i.e., the marriage, and she participated in the mediation proceedings which the Trial Court ultimately found to be a valid and enforceable agreement between the parties relative to their property interests. After these in court proceedings, the plaintiff's attempt to take a voluntary nonsuit was too late after the defendant's Motion to Enforce the Mediation Agreement. We hold the Trial Court properly invalidated the Order of Nonsuit, upon further consideration.

Since the Chancellor properly set aside the Order of Nonsuit, the issue raised by the

---

[2] *Anderson* was a condemnation suit where the defendant condemnor had obtained a court order for possession of the property being condemned and had taken possession of the property. The only matter left for the court to decide was the extent of compensation for the property to be paid to the land owner by the condemnor. Under those circumstances the Supreme Court held that plaintiff had lost the right to take a nonsuit. *Anderson v. Smith,* 521 S.W.2d 787, 791 (Tenn. 1975).

[3] There is no question that a Mediated Agreement is enforceable as a contract under general principles of contract law. *Myers v. Myers* No. E2004-01362-COA-R3-CV, 2005 WL 936925 at * 3 (Tenn. Ct. App. Apr. 22, 2005); *McMahan v. McMahan*, No. E2004-03032-COA-R3-CV, 2005 WL 3287475 at * 4 (Tenn. Ct. App. Dec. 5, 2005); *Persada v. Persada*, No. E2002-00397-COA-R3-CV, 2002 WL 31640564 at *3 (Tenn. Ct. App. Nov. 22, 2002).

plaintiff as to the Court's relying on the counter-complaint is moot.

In the final hearing, the Trial Court heard evidence on the enforceability of the mediated Agreement, and in upholding the Agreement and its enforcement, the Court said that the plaintiff did not meet her burden of proof of showing that the Agreement was "so inadequate as to shock the conscience of the Court". The Court notes that both parties were represented by counsel throughout the course of the mediation and the counsel for the plaintiff at the time of the mediation testified at this hearing that he was "comfortable with the settlement reached." The Court validated the Agreement and noted that the Agreement itself stipulated that they would be divorced on the stipulated grounds.

The evidence does not preponderate against the Trial Court's findings, deferring to the Trial Court on the issue of credibility,[4] and we affirm the Trial Court's findings, Tenn. R. App. P. 13(d).

Finally, plaintiff raised the issue of the Trial Court's consolidation of the Circuit Court case with the Chancery Court case. We find this was harmless error and was unnecessary, since the Chancery Court case was first filed on the issues raised in both cases, and would take precedent over any later filed action.

For the foregoing reasons, we affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Rebecca Stafford Shell.

_____
HERSCHEL PICKENS FRANKS, P.J.

---

[4]The Trial Court observed that he "cannot credit the testimony of the plaintiff Rebecca Stafford Shell that she was in any way impaired on the day of the mediation."