IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 19, 2008 Session

## WINSTON E. WOLFE, TRUSTEE OF THE WINSTON E. WOLFE REVOCABLE LIVING TRUST DATED DECEMBER 5, 1997 v. O. MICHAEL JAEGER, ET UX.

**Direct Appeal from the Chancery Court for Fayette County**
**No. 14320    William C. Cole, Chancellor**

---

**No. W2008-00923-COA-R3-CV - Filed March 19, 2009**

---

This appeal arises from a private condemnation action commenced by Plaintiff pursuant to Tennessee Code Annotated § 54-14-101, et. seq. After the jury of view filed its report, but before the report was acted upon by the trial court, Plaintiff moved for a voluntary nonsuit pursuant to Tennessee Rule of Civil Procedure 41.01. The trial court granted the nonsuit, and Defendants filed a Rule 60.02 motion for relief from the judgment granting the nonsuit. The trial court denied Defendants' motion. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

J. Payson Matthews, Somerville, Tennessee, for the appellants, O. Michael Jaeger and wife, Janet A. Jaeger.

Thomas M. Minor, Somerville, Tennessee, for the appellee, Winston E. Wolfe, Trustee of the Winston E. Wolfe Revocable Living Trust Dated December 5, 1997.

### OPINION

The facts relevant to our disposition of this matter on appeal are undisputed. In December 2006, Plaintiff/Appellee Winston E. Wolfe, Trustee of the Winston E. Wolfe Revocable Living Trust Dated December 5, 1997 (Mr. Wolfe), filed an action in the Fayette County Chancery Court pursuant to Tennessee Code Annotated § 54-14-101, *et seq.*, against the owners of two lots adjoining his property (collectively, "Defendants"). In his complaint, Mr. Wolfe asserted he owned two tracts of real property which adjoined and were separated by Defendants' tracts, and that his northwestern most tract was without access to a public road. Mr. Wolfe asserted the southeast corner of his landlocked tract adjoined property owned by Defendants/Appellants O. Michael Jaeger and Janet A.

Jaeger ("the Jaegers") and Defendants Adam E. Hohenberg, *et al.*, (collectively, "the Hohenbergs").[1] Mr. Wolfe sought an easement across the Jaegers' property which would permit him access to his southeastern tract and a public roadway. Mr. Wolfe prayed the court to appoint a jury of view to lay off by metes and bounds the land suitable for an easement and to assess damages. Defendants answered and denied that their properties should be used to create an easement.

On March 7, 2007, Mr. Wolfe moved the court to appoint a jury of view for the purpose of laying off and marking an easement through "the land or lands of the Defendants, either or both[.]" Notwithstanding Mr. Wolfe's March 7 motion or the requirement of Tennessee Code Annotated § 54-14-103 that all owners of property across which an easement might be located be joined as parties, on March 20 Mr. Wolfe and the Hohenbergs filed a "stipulation" asserting that Mr. Wolfe did not seek an easement through the Hohenberg property and that, if such an easement were awarded, he would not accept it. Mr. Wolfe and the Hohenbergs further "stipulated" that the proceedings could go forward without further participation by the Hohenbergs but that, if the Hohenbergs' property was affected notwithstanding the stipulation, Mr. Wolfe would immediately move to suspend the proceedings in order to give the Hohenbergs the opportunity to participate. On March 26, the Jaegers filed a motion to strike the March 7 stipulation, asserting the stipulation was the equivalent of an attempt to dismiss the Hohenbergs in violation of section 54-14-103.

Following a hearing on March 30, on April 26, 2007, the trial court entered an order appointing a jury of view for the purposes of determining the necessity and location of an easement. The trial court's order provided that two qualified jurors would be designated by Mr. Wolfe and two by the Jaegers, with a fifth juror to be designated by the first four. The trial court apparently did not enter judgment on the Jaegers' motion to strike. Following the Jaegers' motion to appoint an appraiser as required by section 54-14-103(b), on May 11 the trial court appointed an appraiser to inspect and appraise the Jaegers' property. Mr. Wolfe posted bond as required by section 54-14-103(b) in July 2007.

The jury of view filed its report on September 17, 2007. In its report, the jury of view recommended that the easement be located across a tract which crossed both the Jaeger and Hohenberg properties. On October 31, 2007, the Jaegers moved the trial court to approve the report of the jury of view. In their motion, the Jaegers asserted that the time for filing objections or exceptions to the jury of view's report had passed, and the trial court accordingly should approve the report.

On November 2, 2007, Mr. Wolfe filed a notice of voluntary dismissal pursuant to Tennessee Rule of Civil Procedure 41.01. The trial court granted the motion the same day. Subsequently, on November 7, the Hohenbergs filed a response to the report of the jury of view. In their response, the Hohenbergs objected to the jury of view's report and referenced the March 7 stipulation entered into with Mr. Wolfe providing that, if their rights were in any way affected by the report of the jury of view, they would have an opportunity to be heard.

---

[1] The properties apparently currently are used as a nature area.

On January 30, 2008, the Jaegers filed a motion pursuant to Tennessee Rules of Civil Procedure 41.01 and 60.02 ("Rule 41.01" and "Rule 60.02," respectively) to "vacate or amend" the trial court's November 2, 2007, order of dismissal. In their motion, the Jaegers asserted the trial court had erred by granting Mr. Wolfe's motion for voluntary dismissal under Rule 41.01 because the motion was not permitted after the jury retired to consider its verdict. They asserted that the order of dismissal without prejudice accordingly was void, and that the trial court's order therefore should be vacated or amended to provide that the cause was dismissed with prejudice. Mr. Wolfe filed a memorandum in opposition to the Jaegers' motion on March 18, 2008.

Following a hearing on March 20, the trial court entered final judgment in the matter on April 1, 2008, denying the Jaegers' Rule 60.02 motion. The Jaegers filed a timely notice of appeal to this Court on April 7, 2008.

### *Issues Presented*

This issue as presented by the Jaegers for our review is:

May the Plaintiff, in a private condemnation suit, enter an order of dismissal, without prejudice, after the Jury of View has retired to consider its verdict, reached a decision and filed its report or verdict with the Court.

Mr. Wolfe presents the issue as:

Whether the Plaintiff/Appellee, in a private condemnation action, may take a voluntary dismissal or non-suit of said action subsequent to the filing of the report of the jury of view but before any other action is taken.

Mr. Wolfe raises the following additional issue:

Whether the Defendants/Appellants failed to timely request relief from the Order of Dismissal entered by the trial court on November 2, 2007.

### *Standard of Review*

We review a trial court's decision to grant or deny either a motion to alter or amend a judgment under Rule 59.04 or a motion for relief from a judgment under Rule 60.02 under an abuse of discretion standard. *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993). An abuse of discretion occurs when a trial court applies an incorrect legal standard, or where its decision is contrary to logic or reasoning and causes an injustice to the complaining party. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (citation omitted).

### *Analysis*

We first address Mr. Wolfe's assertion on appeal that the Jaegers' January 30, 2008, motion to amend the trial court's judgment granting Mr. Wolfe's Rule 41.01 motion for voluntary dismissal was, in substance, an untimely Rule 59.04 motion to alter or amend. Mr. Wolfe asserts that we should uphold the trial court's order for this reason alone. Upon review of the record, we find nothing to indicate that Mr. Wolfe raised this issue in the trial court.[2] It is well settled that issues that are not raised in the trial court cannot be raised for the first time on appeal. *E.g., Barnes v. Barnes*, 193 S.W.3d 495, 501 (Tenn. 2006). Accordingly, we decline to address Mr. Wolfe's argument that, despite its style, the Jaegers' motion was not a proper Rule 60.02 motion, but an untimely Rule 59.04 motion.

We next turn to whether the trial court erred by denying the Jaegers' Rule 60.02 motion. Rule 60.02 provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

Tenn. R. Civ. P. 60.02 (2008). The Jaegers do not identify the subsections of Rule 60.02 under which they seek relief. However, although they assert the trial court's judgment was a "mistake," the Jaeger's also assert that, under the supreme court's decision in *Lacy v. Cox*, 152 S.W.3d 480, (Tenn. 2004), the trial court's order granting Mr. Wolfe's Rule 41.01 motion is void where Mr. Wolfe filed his motion after the jury of view had filed its report. We do not read *Lacy* as standing for the proposition that, although a trial court in a jury trial has no "authority" to grant a voluntary dismissal without prejudice after the jury has retired to deliberate, such an order is "void." However, in consideration of the Jaegers' pleadings and its arguments in this Court and the trial court, we perceive the Jaegers' motion to be a motion for relief from the judgment under Rule 60.02(3) and (5). Thus, we turn to the substantive issue presented by this appeal.

The gravamen of the issue presented by this case, as we perceive it, is the application of Tennessee Rule of Civil Procedure 41.01, and the limitations thereto, to a condemnation proceeding filed pursuant to Tennessee Code Annotated § 54-14-101, *et. seq.* Rule 41.01 provides:

> (1) Subject to the provisions of Rule 23.05, Rule 23.06, or Rule 66 or of any statute, and except when a motion for summary judgment made by an adverse party

---

[2]The record transmitted to this Court on appeal includes only the technical record and not transcripts of hearings before the trial court.

is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties, and if a party has not already been served with a summons and complaint, the plaintiff shall also serve a copy of the complaint on that party; or by an oral notice of dismissal made in open court during the trial of a cause; or in jury trials at any time before the jury retires to consider its verdict and prior to the ruling of the court sustaining a motion for a directed verdict. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of plaintiff's motion to dismiss, the defendant may elect to proceed on such counterclaim in the capacity of a plaintiff.

(2) Notwithstanding the provisions of the preceding paragraph, a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has twice dismissed in any court an action based on or including the same claim.

(3) A voluntary nonsuit to dismiss an action without prejudice must be followed by an order of voluntary dismissal signed by the court and entered by the clerk. The date of entry of the order will govern the running of pertinent time periods.

Tenn. R. Civ. P. 41.01(2008).

The Jaegers assert that, under Rule 41.01, Mr. Wolfe had no right to a voluntary dismissal without prejudice under Rule 41.01 because he filed his Rule 41.01 motion after the jury of view had retired to consider its verdict. The Jaegers rely on *Lacy v. Cox* for the proposition that the trial court's order granting Mr. Wolfe's motion is void where the motion was filed beyond the time provided by the Rule. The Jaegers further assert that, under *Cunningham v. Memphis Railroad Terminal Co.*, 126 Tenn. 343 (Tenn. 1912), and its progeny, a plaintiff may obtain a voluntary dismissal without prejudice only when the plaintiff had decided to abandon the enterprise for which condemnation was sought. Mr. Wolfe, on the other hand, asserts that, under Rule 41.01, Tennessee Code Annotated § 54-14-101, *et seq.*, and *Anderson v. Smith*, 521 S.W.2d 787 (Tenn. 1975), he may obtain a voluntary dismissal without prejudice at any time prior to the retirement of the jury in a new trial by jury as provided by Tennessee Code Annotated § 54-14-114.[3]

---

[3]Tennessee Code Annotated § 54-14-114 as it existed when this matter was before the trial court subsequently was amended by chapter 1082 of the Public Acts of 2008, effective June 3, 2008. The section as it existed prior to the 2008 amendments provided:

Either party may within thirty (30) days appeal to the court from the finding of the jury of view, and demand a trial by a jury and, upon giving security for costs, may have a new trial before a jury of twelve (12) persons to be summoned and impaneled by the court in the usual way.

The section as amended effective June 3, 2008 provides:

(a) Within thirty (30) days, either party may appeal to the court from the finding of the jury of view, and demand a trial by a jury and, upon giving security for costs, may have a new trial before a jury of twelve (12) persons to be summoned and impaneled by the court in the usual way.
(b) The demand for a trial by a jury in accordance with subsection (a) shall be the exclusive

(continued...)

We turn first to the Jaegers' assumption that a jury of view is a "jury" for the purposes of Rule 41.01. It is not. The historical jury of view as provided for by the condemnation statutes currently codified at Tennessee Code Annotated § 54-14-101, *et. seq.*, was "merely for the information of the [county] court and *ex parte*." *Hawkins v. Justices of Trousdale County*, 80 Tenn. 351 (1883). The jury of view's report may be contested by any party to the condemnation action. Tenn. Code Ann. § 54-14-112(a)(2008).[4] If no objection is filed, or following a hearing on an objection, the trial court may confirm the report of the jury of view, or set it aside and order another "writ of inquiry." Tenn. Code Ann. § 54-14-112(b). The trial court also may modify the report and grant the easement as it deems proper. Tenn. Code Ann. § 54-14-113.[5] Within 30 days from the trial court's order on the jury of view's report, either party may appeal to the court and demand a "trial before a jury of twelve (12) persons to be summoned and impaneled by the court in the usual way."

---

[3](...continued)
remedy for relief from the finding of a jury of view and no other appeal from the finding shall lie. The jury must either affirm the finding of the jury of view or set apart a different quantity of land or property for ingress or egress to the land of the petitioner; but, in no event, shall the party petitioning for a right of way pursuant to this part be left without a sufficient outlet of ingress and egress.

Tennessee Code Annotated § 54-14-114(2008).

[4]Section 54-14-112 was amended in 2008 to provide:
if an objection is filed by the owner or owners of land selected by the jury of view, the objection must be served upon all parties to the action. Further, the person making the objection must prepare a plat that contains an alternative route to the one identified by the jury of view. The plat shall be served on all parties and filed with the court within thirty (30) days of the objection. The alternative route that the person proposes to substitute for the identified route shall be clearly marked on the plat. If the petitioner or any other party who owns the land on which all or part of the alternative route is located objects to the alternative route, the only remedy available to the petitioner or other party at the trial court level is to demand a trial by jury pursuant to § 54-14-114. An appeal from an adverse decision at the trial court level may be appealed by any party to the action as provided by law.

[5]Sections 54-14-112 and 113 were unaffected by the 2008 amendments.

Tenn. Code Ann. § 54-14-114(a)[6]; *see Hawkins v. Justices of Trousdale County*, 80 Tenn. 351 (1883)(observing that the report of the jury of view does not determine the rights of the parties).

The Jaegers' argument that the supreme court's decision in *Lacy* controls here accordingly is misplaced. The *Lacy* court held that a trial court "has no authority" to enter a Rule 41.01 voluntary dismissal without prejudice after the jury has retired to deliberate. *Lacy v. Cox*, 152 S.W.3d 480, 488 (Tenn. 2004). It held that the dismissal in that case must be deemed to have been with prejudice. *Id.* at 490. The rule in *Lacy* would be applicable in a trial by jury upon appeal as provided by Tennessee Code Annotated § 54-14-114.

We turn next to whether the trial court may grant a plaintiff's motion for voluntary dismissal without prejudice under Rule 41.01 after the jury of view has filed its report, but before the trial court has acted on the report, in a private condemnation proceeding under section 54-15-101, *et. seq*. The supreme court addressed the time-frame in which a Rule 41.01 dismissal is permissible in *Anderson v. Smith*, 521 S.W.2d 787 (Tenn. 1975). Synthesizing earlier rules set forth in *Cunningham v. Memphis Railway Terminal Co.*, 149 S.W. 103 (Tenn. 1912), and *Ragland v. Davidson County Board of Education*, 312 S.W. 855 (Tenn. 1958), the *Anderson* court held:

> The condemner has the right to take a nonsuit at any time prior to the case being submitted to the trier of fact for decision, unless the condemner has taken possession of the property under court order issued under circumstances leaving nothing to be decided by the court except the compensation to be paid the owner for the land taken.

*Anderson*, 521 S.W. 2d at 791. The rule in *Anderson* clearly reiterates and expands upon the rule set forth in 1926 by this Court in *Huff v. Department of Highways & Public Works of the State of Tennessee,* 3 Tenn. App. 277 (Tenn. App. 1936). In *Huff*, we held that a nonsuit without prejudice may not be granted after the land to be condemned has been decreed to the plaintiff and title has vested in the plaintiff/petitioner. *Id.* The *Anderson* court expanded upon our holding in *Huff* to provide that a plaintiff does not have a right to a nonsuit without prejudice when the nonsuit would

---

[6]Section 54-14-114 provides:

> Within thirty (30) days, either party may appeal to the court from the finding of the jury of view, and demand a trial by a jury and, upon giving security for costs, may have a new trial before a jury of twelve (12) persons to be summoned and impaneled by the court in the usual way.

As amended in 2008, section 54-14-114 currently further provides:

> (b) The demand for a trial by a jury in accordance with subsection (a) shall be the exclusive remedy for relief from the finding of a jury of view and no other appeal from the finding shall lie. The jury must either affirm the finding of the jury of view or set apart a different quantity of land or property for ingress or egress to the land of the petitioner; but, in no event, shall the party petitioning for a right of way pursuant to this part be left without a sufficient outlet of ingress and egress.

Tenn. Code Ann. § 54-14-114(2008).

"deprive the defendant of some right that became vested during the pendency of the case."
*Anderson*, 521 S.W.2d at 790. The *Anderson* court held that the plaintiff in that case lost the right to take a voluntary nonsuit when it obtained a court order for possession of the property regardless of the extent to which it actually exercised any authority over the property. *Id.* at 791.

In the case now before us, the Jaegers do not assert that Mr. Wolfe obtained or exercised possession of, title to, or authority over the property across which he sought an easement. Rather, the Jaegers argue that the matter was submitted to the trier of fact and could not be nonsuited without prejudice when the jury of view filed its report. We must disagree for two reasons. First, as noted above, a jury of view in a condemnation proceeding is not the equivalent of a jury in a jury trial for the purposes of Rule 41.01. Second, reading the body of case law together, we do not agree that the filing of the jury of view's report submits the matter to the trier of fact for the purposes of limiting the right to a Rule 41.01 voluntary dismissal.

In *Cunningham v. Memphis Railway Terminal Co.*, the court identified the three points in a condemnation suit which cut off the plaintiff's right to a voluntary nonsuit: (1) when the jury of view's report has been confirmed without exception or appeal and the land decreed to the plaintiff; (2) where an appeal is brought only on the issue of damages where possession has been decreed to the plaintiff and; (3) when the matter is "*finally* submitted to the jury or the trial court for determination." *Anderson*, 521 S.W.2d at 790(emphasis added)(citing *Cunningham v. Memphis R.R. Term. Co.*, 149 S.W. 103 (Tenn. 1912)). Reading *Anderson* and *Cunningham* together, a voluntary nonsuit under Rule 41.01 may be taken after the jury of view has filed its report until the trial court has confirmed the report if no exceptions have been made, or if an exception has been made, after the court has confirmed or modified the report following a hearing and before the plaintiff has exercised authority over the property. *Id.*; *see also*, Tenn. Code Ann. § 54-14-112 & 113; *Barge v. Sadler*, 70 S.W.3d 683 (Tenn. 2002)(court has no authority under statutes to grant petition in private condemnation action until after the jury of view has submitted its report); *Huff v. Dep't of Highways*, 3 Tenn. App. 277 (Tenn. App. 1926)(holding a nonsuit may be taken before jury has retired to consider its verdict unless report of jury of view is confirmed without exception or appeal and land has been decreed to petitioner).

Simply stated, the plaintiff's right to a voluntary nonsuit is extinguished upon an order of the court depriving the property owner of the free and complete use of his property. *Anderson*, 521 S.W.2d 787, 791 (Tenn. 1975). After the court has disposed of exceptions or objections, if any, and entered its order on the report of the jury of view, the remedy available to either party, including a dissatisfied plaintiff, is not a nonsuit but an appeal pursuant to Tennessee Code Annotated § 54-14-114.[7] *See Pound v. Fowler*, 133 S.W.2d 486 (Tenn. 1939)(statute authorizing appeal must be strictly construed; appeal must be taken within 30 days of the order disposing of exceptions or objections). Additionally, we must disagree with the Jaegers' assertion that Mr. Wolfe lost his right to object to the report of the jury of view where he failed to do so within 30 days. Section 54-14-112 provides

---

[7]The section as amended in 2008 provides that the demand for trial by a jury shall be the exclusive remedy for relief from the finding of a jury of view. Tenn. Code Ann. § 54-14-114(b)(2008).

that any party may file objections to the report, but specifies no time within which the objection must be filed.[8]  Where the statute prescribes no time for the taking of the appeal from a jury of view's report, it must be taken within a reasonable time unless circumstances indicate the intent to waive the right to appeal.  *Officer v. E. Tenn. Natural Gas Co.*, 239 S.W.2d 999, 1001 (Tenn. 1951).

### *Holding*

In light of the foregoing, we affirm the judgment of the trial court denying the Jaegers' Rule 60.02 motion.  Costs of this appeal are taxed to the Appellants, O. Michael Jaeger and Janet A. Jaeger, and to their surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

---

[8]Section 54-14-112 as amended in 2008 provides that, if an objection is filed by the owner or owners of land selected by the jury of view, the objection must be served upon all parties and that a plat indicating an alternate route must be filed with the court and served on all parties within 30 days of the objection.  Tenn. Code Ann. § 54-14-112(a)(2008).