IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 20, 2009 Session

**SHELBY COUNTY, TENNESSEE**
**v.**
**JAMES M. CREWS, JR., L. DOW CREWS, JOHN T. CREWS, ORMOND
CREWS, III, KATE CREWS HOOKS, MARGARET CREWS WARREN,
LOIS WOODBURY, SARAH MULLINS DESHAZO, L. DAVID MULLINS,
THOMAS PHILLIP MULLINS, JANE HOWELL MULLINS, BETTY JO
MULLINS COON, the Unknown Heirs of L. D. MULLINS**

Appeal from the Circuit Court for Shelby County
No. CT-004369-04, Div. 2     James F. Russell, Judge

_____

No. W2008-01368-COA-R3-CV - Filed November 23, 2009

_____

This is a condemnation case. The appellee county for many years had possession of a small strip of
land owned by the appellant family. The county filed a petition for condemnation of the strip of
land. A consent order was entered granting the county ownership and possession of the subject
parcel, and a hearing was scheduled to determine the amount of compensation due. A week before
the hearing, the county gave notice of voluntary dismissal. The family objected to voluntary
dismissal, citing *Anderson v. Smith*, 521 S.W.2d 787 (Tenn. 1975). The trial court permitted the
county to voluntarily dismiss its petition. The family appeals. We reverse, finding that voluntary
dismissal is precluded where the trial court grants the condemnor right of possession and only the
issue of compensation is left to be resolved.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and
Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and
J. STEVEN STAFFORD, J., joined.

Irma Merrill Stratton and Julia Beth Crews, Memphis, Tennessee for the Respondents/Appellants,
James M. Crews, Jr., L. Dow Crews, Ormond Crews, III, et al.

Bruce D. Brooke and Brian L. Kuhn, Memphis, Tennessee for the Petitioner/Appellee, Shelby
County, Tennessee

## OPINION

### FACTS AND PROCEDURAL HISTORY

For many years, Petitioner/Appellee Shelby County, Tennessee ("County") had possession of a small strip of land[1] owned by Respondents/Appellants James M. Crews, Jr., L. Dow Crews, John T. Crews, Ormond Crews, III, Kate Crews Hooks, Margaret Crews Warren, Lois Woodbury, Sarah Mullins Deshazo, L. David Mullins, Thomas Phillip Mullins, Jane Howell Mullins, Betty Jo Mullins Coon, and the unknown heirs of L. D. Mullins ("Mullins family").[2] The County used the land as a parking area for the nearby Shelby County Penal Farm, even going so far as to pave it.

On July 30, 2004, the County filed a petition for condemnation of the strip of land, pursuant to Tennessee Code Annotated §§ 29-17-101 through 29-17-814 and Tennessee Code Annotated § 54-16-108. Pursuant to section 29-17-802, the County tendered to the court $39,500 as the amount of compensation to which the Mullins family was entitled for the subject property. The Mullins family did not contest the County's right to acquire the property, but disputed the amount of compensation it should receive for it. Therefore, on December 14, 2004, the trial court entered a consent order that granted "all property rights and ownership in fee simple" in the property to the County; the trial court scheduled a trial on September 17, 2007 to litigate the amount of compensation.

Discovery was conducted concerning, *inter alia*, the history of ownership and possession of the subject property. The Mullins family's interest in the property at issue was traced to a reversionary clause in a deed executed by their predecessor, L. D. Mullins, to the Tennessee Midland Railway Company on April 25, 1890. The record indicates a conflict as to how and when the property was returned to the Mullins family.[3] Regardless, it is undisputed that, at the time the County filed the instant petition, the Mullins family owned the subject property.

On September 11, 2007, less than one week before the scheduled trial, the County filed a notice of voluntary nonsuit. The next day, the Mullins family filed an objection to the nonsuit. Subsequently, the Mullins family filed a motion to quash the notice of the voluntary nonsuit, arguing

---

[1] The original petition sought to condemn both the small strip of land known as the Mullins Station parcel and a larger railroad easement parcel believed to be owned by the Mullins family; however, upon discovery that the Mullins family may not have been the owners of the railroad easement parcel, the County amended the petition to limit condemnation to the Mullins Station parcel. Amendment of the petition is not an issue on appeal.

[2] In a concurrent quiet title action between the members of the Mullins family, the chancery court entered an order finding that Ormond Crews, III, Kate Crews Hooks, Margaret Crews Warren, L. Dow Crews, James M. Crews, Jr., and John Crews were the only owners of the subject property. This order is not an issue on appeal.

[3] In its petition, the County asserted that the property was returned to the Mullins family by virtue of the execution of a disclaimer of title document by the Louisville and Nashville Railroad Company on or about March 18, 1974. In response to this allegation, the Mullins family asserted that a chancery court order on March 18, 2003 in a prior lawsuit between the Mullins family and CSX Transportation Incorporated granted reversion to the family.

that the County was not entitled to voluntarily dismiss the petition because it took possession of the subject property by virtue of the consent order dated December 14, 2004. In response to this motion, the County claimed that it had taken possession of the property long before the December 2004 consent order. Specifically, the County asserted that its records showed that the County had possession of the property as early as 1991, when an expenditure of County funds was approved to pave the parcel for use as a parking lot adjacent to the Shelby County Penal Farm. The County noted further that, from 1974 until the filing of the County's condemnation petition in 2004, the Mullins family did not have possession of the subject parcel and paid no property taxes on it.

On May 29, 2008, the trial court entered an order permitting the County to take a nonsuit and assessing court costs and attorney's fees against the County. From this order, the Mullins family now appeals.

### ISSUE ON APPEAL AND STANDARD OF REVIEW

On appeal, the Mullins family argues that the trial court erred in permitting the County to voluntarily dismiss the condemnation action after a writ of condemnation had been granted, with the amount of compensation due being the only issue remaining for trial. Because this is a question of law, we review the trial court's conclusion *de novo,* affording it no presumption of correctness. *Lacy v. Cox*, 152 S.W.3d 480, 483 (Tenn. 2004) (citing *S. Constructors, Inc. v. Loudon Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001); *Presley v. Bennett*, 860 S.W.2d 857, 859-60 (Tenn. 1993)).

### ANALYSIS

On the issue of whether the trial court erred in permitting the County to voluntarily dismiss its condemnation petition, both parties cite our Supreme Court's decision in *Anderson v. Smith*, 521 S.W.2d 787 (Tenn. 1975). The Mullins Family cites *Anderson* for the proposition that a court may not grant a nonsuit in a condemnation action after it has put the condemnor in possession of the property. The County distinguishes *Anderson* from the instant case on the basis that the County in this case already had actual physical possession of the property prior to filing the condemnation petition. Thus, we begin by examining the *Anderson* decision.

In *Anderson*, the condemnor, the Commissioner of the Tennessee Department of Transportation, filed a petition seeking to condemn the respondents' property. *Anderson v. Smith*, 521 S.W.2d 787, 788 (Tenn. 1975). The respondents filed an answer admitting that the condemnor had the authority to condemn the property but disputing the amount of compensation due. *Id.* at 788-89. The trial court entered an order that granted immediate possession of the property to the condemnor and authorized the clerk to issue a writ of possession if necessary to enforce the order. *Id.* at 789. Nine months later, the condemnor sought to voluntarily dismiss the action, over the objection of the respondent. *Id.* The trial court permitted the voluntary dismissal, and the respondents appealed. *Id.*

On appeal, the ***Anderson*** court surveyed a handful of cases, as well as Rule 41.01 of the Tennessee Rules of Civil Procedure. It then synthesized the law from these authorities into the following:

> the condemnor has the right to take a nonsuit at any time prior to the case being submitted to the trier of fact for decision, unless the condemner has taken possession of the property under court order issued under circumstances leaving nothing to be decided by the court except the compensation to be paid the owner for the land taken.

***Id.*** at 791. Applying this principle to the facts before it, the ***Anderson*** court held that the trial court erred in permitting the voluntary dismissal, because the condemnor had obtained an order of possession and the only remaining issue was the compensation due to the respondent. ***Id.*** Notably, the ***Anderson*** court implicitly found that the question of whether the condemnor had actually taken physical possession was irrelevant, because the effect of the order of possession was "to deprive the owner of the complete and free use of the land at least" during the pendency of the case. ***See id.***

In the case at bar, as in ***Anderson***, the condemnor County filed a condemnation petition, and the respondents did not challenge the County's right to condemn, but challenged only the amount of compensation due. In the case at bar, as in ***Anderson***, the trial court entered an order that granted the condemnor ownership and the right of possession.

However, the County argues that the instant case is distinguishable from ***Anderson*** in that, in this case, the condemnor County had actual physical possession of the property prior to the trial court's order. Thus, the County argues, ***Anderson*** is inapplicable because the County did not take possession of the property "under court order." ***Id.***

While the County had actual physical possession of the property at issue prior to the filing of the condemnation action, the record shows that its possession was bare: the County does not assert that it had title or legal right to possession prior to the entry of the trial court's consent order of December 14, 2004. Certainly, bare possession can ripen into legal possession in a number of ways such as adverse possession or, in this case, condemnation. ***Harton v. Lyons***, 36 S.W. 851, 854-55 (Tenn. 1896) (quoting ***Marr v. Gilliam***, 41 Tenn. (1 Cold.) 488, 507, 508 (Tenn. 1860)) ("[A]ctual possession . . . may, by length of time and negligence of him who hath the right, by degrees, ripen into perfect and indefeasible title."). Indeed, in this appeal, the County argues that the seven year adverse possession statute, Tennessee Code Annotated § 28-2-105,[4] is applicable in light of the

---

[4]The statute provides:

Any person holding any real estate or land of any kind or any legal or equitable interest therein, and such person and those through whom such person claims having been in adverse possession of same for seven (7) years, where the real estate is held and claimed by such person or those through whom such person claims by a conveyance, devise, grant, a decree of a court of record, or other assurance of title purporting to convey an estate in fee, and such conveyance, devise, grant, or other assurance

(continued...)

County's longstanding possession of the subject property. The County also contends that the Mullins family is barred, under Tennessee Code Annotated § 28-2-110,[5] from asserting any interest in the subject property because they did not pay taxes on it for more than twenty years. These statutes may provide the basis for the County to obtain the legally-recognized right to own and possess the property, free of any claim by the Mullins Family, but the County did not actually *have* this legally-recognized right until entry of the December 2004 consent order granting the County "all property rights and ownership in fee simple" of the subject property. The right of possession is distinct from actual physical possession, which the County already enjoyed. *See Harton,* 36 S.W. at 854-55 (Tenn. 1896) (quoting *Marr v. Gilliam*, 48 Tenn. (1 Cold.) 488, 507, 508 (Tenn. 1860)) (discussing the "first degree of title . . . bare possession or actual occupation of land, without any apparent right, or pretense of right, to hold and continue such possession"); *Zenner v. King*, No. 02A01-9109-CH-00197, 1992 WL 151441 at *6 (Tenn. Ct. App. July 2, 1992), *no perm. app.* (drawing distinction between right to possession and actual possession). Thus, the December 2004 order in fact gave the County something it did not already have. Given that the *Anderson* court found that "the authority [the condemnor] actually exercised over the property" was irrelevant because "the effect of the order was to deprive the owner of the complete and free use of the land," the *Anderson* court's discussion of "tak[ing] possession of the property under court order" referred to gaining the legal right to possession of the property pursuant to a court order, in addition to gaining physical occupation. *Anderson*, 521 S.W.2d at 791.

Thus, *Anderson* precludes voluntary dismissal by the County after the trial court granted it ownership and the legal right of possession, leaving only the issue of compensation to be decided. Accordingly, we must conclude that the trial court erred in permitting the County to voluntarily dismiss the condemnation petition. This holding pretermits all other issues on appeal.

---

[4](...continued)

of title, has been recorded in the register's office of the county in which the land lies for a period of thirty (30) years or more or such decree entered on the minutes of such court for a period of thirty (30) years or more, is vested with an absolute and indefeasible title to such real estate or interest therein.

T.C.A. § 28-2-105 (2000).

[5]This statute provides:

(a) Any person having any claim to real estate or land of any kind, or to any legal or equitable interest therein, the same having been subject to assessment for state and county taxes, who and those through whom such person claims have failed to have the same assessed and to pay any state and county taxes thereon for a period of more than twenty (20) years, shall be forever barred from bringing any action in law or in equity to recover the same, or to recover any rents or profits therefrom in any of the courts of this state.

T. C. A. § 28-2-110 (2000).

## CONCLUSION

The decision of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion. The costs of this appeal are taxed to the Appellee Shelby County, Tennessee, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE