FILED
06/12/2024
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 1, 2024

## MICHAEL BEINKE, ET AL. v. ADAM ROBERSON D/B/A 38 CONSTRUCTION, ET AL.

**Appeal from the Circuit Court for Williamson County**
**No. 22CV-411      Michael Binkley, Judge**

———————————————————

**No. M2023-00637-COA-R3-CV**

———————————————————

This appeal involves the right to a nonsuit pursuant to Tennessee Rule of Civil Procedure 41.01. Two plaintiffs (an individual and a limited liability company) filed this lawsuit against several defendants, asserting eight causes of action arising out of a construction contract. The defendants filed a motion to dismiss. At a hearing, the trial judge orally ruled that the motion to dismiss was denied as to all claims, with one exception. The trial judge took under advisement whether Count 2, asserting a violation of the Tennessee Consumer Protection Act, was barred by the statute of limitations. Four days after the hearing, the plaintiffs filed a notice of voluntary dismissal without prejudice along with a proposed order to that effect. In response, the defendants filed a "motion in opposition" to the proposed order of voluntary dismissal, asking the trial court to delay entry of the order of voluntary dismissal until the trial court entered an order addressing the TCPA claim. The trial court ultimately ruled that the defendants had a "vested right" that prevented the plaintiffs from voluntarily dismissing the TCPA claim from the moment the trial court took the matter under advisement. The trial court then proceeded to analyze the TCPA claim. Although the issue taken under advisement related to the statute of limitations, the trial court *sua sponte* dismissed the TCPA claim asserted by the individual plaintiff because the court found that he did not meet the definition of a "consumer" pursuant to the TCPA. The trial court then considered the statute of limitations issue as it related to the TCPA claim asserted by the remaining plaintiff. The trial court found that the TCPA claim was not barred by the statute of limitations and denied the motion to dismiss on that basis. Having resolved the motion to dismiss as to the TCPA claim, the trial court ruled that the nonsuit then became "effective," as of the date of the trial court's order, resulting in voluntary dismissal of all claims except the individual plaintiff's TCPA claim, which the trial court *sua sponte* dismissed with prejudice. The individual plaintiff appealed, asserting, among other things, that the trial court erred by concluding that the defendants had obtained a vested right and by delaying entry of the order of nonsuit so that the trial court could rule on the motion to dismiss. For the following reasons, we reverse the decision of the trial

court to the extent it dismissed the individual's TCPA claim with prejudice and remand for entry of an order under Rule 41.01 dismissing all claims without prejudice.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and W. NEAL MCBRAYER, J., joined.

Sean C. Wlodarczyk, Nashville, Tennessee, for the appellant, Michael Beinke, and for the appellee, Beinke Builders, LLC.

Kristen M. Shields and Christopher A. Beverly, Mount Juliet, Tennessee, for the appellees, Adam Roberson d/b/a 38 Construction, Hermila Martinez d/b/a Martinez Construction, Danny Gray d/b/a Gray's Electrical and Home Improvement, and Gray's Electrical and Home Improvement, LLC.

## OPINION

### I.  FACTS & PROCEDURAL HISTORY

In August 2022, Michael Beinke and Beinke Builders, LLC, filed this lawsuit against Adam Roberson d/b/a 38 Construction, Hermila Martinez d/b/a Martinez Construction, Danny Gray d/b/a Gray's Electrical and Home Improvement, and Gray's Electrical and Home Improvement, LLC.  The plaintiffs asserted eight causes of action relating to a construction contract and alleged a conspiracy to engage in unlicensed contracting.  In October 2022, all defendants jointly filed a motion to dismiss.

A hearing on the motion to dismiss was held on January 5, 2023.  A court reporter was not present at the hearing, and a dispute arose after the hearing as to the precise nature of the trial judge's oral ruling.  The trial judge would eventually resolve the dispute and confirm that he had orally denied the motion to dismiss as to all claims with one exception regarding Count 2, which alleged a violation of the Tennessee Consumer Protection Act.  For that claim, the trial court had taken under advisement whether the TCPA claim was barred by the statute of limitations.  We note this clarification at this point of our discussion in order to explain the actual procedural posture of the case at this point.  However, as the following discussion illustrates, the parties continued to dispute what had occurred at the January 5 hearing for the next two months.

On January 9, 2023, four days after the hearing on the motion to dismiss, the plaintiffs filed a notice of voluntary dismissal without prejudice pursuant to Tennessee Rule of Civil Procedure 41.01, along with a proposed order of voluntary dismissal.  Later

that same day, the defendants filed a "motion in opposition" to the order of voluntary dismissal. Although the defendants did not cite any legal authority for their position, they pointed out that the trial court had already held a hearing on the motion to dismiss before the notice of nonsuit was filed. The defendants contended that the trial judge, during the hearing, had "noted procedural issues with the Complaint, particularly a statutory bar to Count Two alleging Violation of the Tennessee Consumer Protection Act as untimely[.]" Thus, the defendants argued that the plaintiffs' notice of nonsuit, "[g]iven its nature and timing," appeared to be an effort to avoid any attorney fees "potentially awarded" to the defendants associated with the motion to dismiss. The defendants suggested that the trial court deny entry of the proposed order of voluntary dismissal "at this time" and that "the proposed Order [of voluntary dismissal] be held until after the Court issues an Order regarding the Motion to Dismiss."

Days later, the plaintiffs filed an objection to a separate proposed order that was submitted by the defendants. The plaintiffs insisted that during the January 5 hearing on the motion to dismiss, the trial judge had determined that it would review whether the TCPA claim was timely filed within the statute of limitations and determine whether dismissal was appropriate or not, then prepare and issue its own order once it reached a ruling, which the court expected to be within ten days. Thus, according to the plaintiffs, the court had taken that one matter under advisement and denied the remainder of the motion. However, the plaintiffs explained that the defendants had submitted a proposed order on the motion to dismiss that did not accurately reflect this ruling and instead stated that the court ruled the TCPA claim *was* barred by the statute of limitations. The plaintiffs stated that they were submitting their own proposed order that accurately reflected the trial court's oral ruling. In support of their position, the plaintiffs filed the trial court's own "docket notes" from the date of the hearing, which the clerk's office had provided to the plaintiffs upon request. Those docket notes reflected the words: "'Under Advisement' memo + order within 10 days on statute of limitations." The plaintiffs also filed a memorandum opposing any award of attorney fees in connection with the motion to dismiss. They argued that the trial court did not grant the motion to dismiss at the hearing, none of the exceptions to Rule 41.01 applied that would prevent them from taking a nonsuit, and the plaintiffs' nonsuit could not be "disallowed" by the trial court.

During this timeframe, counsel for the plaintiffs emailed the trial judge's "Judicial Assistant" stating that two competing orders had been submitted for consideration of the trial judge. The Judicial Assistant responded that the trial judge "simply does not have the time to compare information in competing orders and asks the attorneys in the case to confer on the wording of an order stemming from a hearing." In the event an agreement could not be reached, she advised them to "file the proper pleadings and place the matter on a regularly-scheduled motion docket to be decided in open court." In response, counsel advised the assistant that the attorneys would be discussing the matter by phone on January 25 and would report back as to whether they had reached an agreement or if they needed to file a motion.

On January 24, however, the trial court unexpectedly entered the defendants' proposed order from the January 5 hearing, which stated that the TCPA claim asserted as Count 2 of the complaint was dismissed as time-barred. The plaintiffs then filed an additional response, reiterating that the trial court had only taken the issue under advisement at the hearing, and in the absence of any oral ruling in favor of the defendants, the plaintiffs had maintained their right to take a nonsuit. The plaintiffs noted that the defendants had not argued that *any* exceptions to Rule 41.01 were applicable. Thus, the plaintiffs asked the court to set aside the January 24 order dismissing the TCPA claim. In further support of their position, the plaintiffs filed a declaration from their attorney describing in detail the events that transpired during the January 5 hearing. Counsel noted that his recollection of the events that transpired was consistent with the trial court's own docket notes reflecting that the matter was taken under advisement. In addition, the plaintiffs submitted the email thread reflecting the communication between the attorneys and the trial judge's Judicial Assistant regarding their plan to discuss the matter on January 25 in an attempt to reach an agreement, which had not yet occurred when the trial court entered the January 24 order.

On February 2, the trial judge held a hearing and instructed the parties to meet and confer with respect to the issues surrounding the nonsuit and to file affidavits of their counsel reflecting their recollection of the trial court's oral ruling at the January 5 hearing on the motion to dismiss. It also directed them to file briefs addressing whether and to what extent the court could proceed with the case after the plaintiffs filed their notice of nonsuit. After the filing of the briefs and affidavits, the court would then "determine its ruling on this matter and issue its own order" on the defendants' motion in opposition to the nonsuit.

The plaintiffs filed an affidavit from their attorney, along with a declaration of a third party who was present in the courtroom during the January 5 hearing and recalled the oral ruling made by the trial judge taking the matter under advisement. In response, the defendants filed a brief in which they maintained that the trial judge had found the TCPA claim time-barred during the January 5 hearing. Counsel for the defendants submitted an affidavit detailing her recollection of the hearing. Given the defendants' position that the trial judge *had* orally dismissed the TCPA claim, the defendants cited caselaw in which plaintiffs were not permitted to take nonsuits after trial judges had already issued oral rulings. They also quoted caselaw to the effect that a trial court "should not grant a nonsuit if doing so would 'deprive the defendant of some right that became vested during the pendency of the case.'" *Mack v. Cable Equip. Servs., Inc.*, No. W2020-00862-COA-R3-CV, 2022 WL 391458, at *3 (Tenn. Ct. App. Feb. 9, 2022) *perm. app. denied* (Tenn. Aug. 3, 2022) (quoting *Hamilton v. Cook*, No. 02A01-9712-CV-00324, 1998 WL 704528, at *5 (Tenn. Ct. App. Oct. 12, 1998)). In sum, the defendants argued that the plaintiffs "should not be allowed to circumvent an award of attorney's fees and expenses associated with the Motion to Dismiss and successful dismissal of Count Two as statutorily barred by filing a

Notice of Voluntary Dismissal after hearing and the Court's ruling on Count Two." However, they stated that they were not opposed to voluntary dismissal of the remaining counts after entry of an order dismissing Count Two as time-barred.

On March 31, 2023, the trial court entered an order resolving all of the outstanding issues. The court first resolved the dispute regarding what occurred at the January 5 hearing on the motion to dismiss. Noting the trial judge's usual practice as well as the docket notes taken by the deputy clerk, the trial judge concluded that he "took the TCPA claim under advisement and planned to enter a *Memorandum and Order* detailing its findings concerning the applicable statute of limitations,"[1] and he had denied the motion to dismiss as to all claims aside from the TCPA claim. The trial court noted that the plaintiffs filed a notice of voluntary dismissal pursuant to Tennessee Rule of Civil Procedure 41.01 on January 9. The court acknowledged that "Rule 41.01(1) clearly describes certain circumstances in which a voluntary dismissal of an action is unavailable," but it found "none of which are applicable here." The court also noted, however, that Rule 41.01 is subject to "an implied exception which prohibits nonsuit when it would deprive the defendant of some vested right." Considering this implied exception, the trial court found that the "Defendants had a vested right preventing Plaintiffs from voluntarily dismissing the TCPA claim the moment this Court took said claim under advisement." The trial court reasoned that the plaintiffs' nonsuit "could not be effective as to its TCPA claim until this Court issued its ruling." Thus, the court determined that "the TCPA claim in Count 2 . . . taken under advisement by this Court on January 5, 2023, . . . is ripe for determination as to Defendants' *Motion to Dismiss.*"

Rather than beginning with a discussion of the statute of limitations, however, the trial court first addressed a separate matter *sua sponte*. The trial court found that the written contractor agreement at issue in this case was executed by plaintiff Beinke Builders, LLC, but the individual plaintiff, Mr. Beinke, was not a party to the agreement. The trial court concluded that "[Mr.] Beinke cannot meet the definition of a 'consumer,' as defined by the TCPA, because he was not a party to the Agreement[.]" Accordingly, the trial court concluded that Mr. Beinke "cannot state a claim for relief" under the TCPA "because he was not a party to the Agreement at issue."

Next, the trial court considered whether the TCPA claim was time-barred, which was necessary because the TCPA claim was still asserted by the other plaintiff, Beinke Builders, LLC. After examining the allegations of the complaint, the trial court concluded that the "Plaintiffs were well within the applicable one (1)-year statute of limitations when they filed their TCPA claim[.]" Thus, the TCPA claim was not time-barred, and the motion to dismiss on that basis was denied.

---

[1] The parties agree that this order, explaining that the court had not in fact dismissed the TCPA claim as untimely, implicitly set aside its previous order to the contrary.

In summary, the court explained, it partially granted the defendants' motion to dismiss, but only with regard to the TCPA claim asserted individually by Mr. Beinke. The remainder of the motion to dismiss was denied. The trial court stated that the "Plaintiffs' voluntary nonsuit 'of this matter' may now have full effect, including [Beinke Builders LLC's] TCPA claim." The trial court further found that the defendants were entitled to attorney fees with respect to the dismissal of Mr. Beinke's TCPA claim pursuant to Tennessee Code Annotated section 20-12-119. The trial court subsequently entered a separate order of nonsuit, reiterating that Mr. Beinke's TCPA claim was dismissed with prejudice and that all remaining claims were dismissed without prejudice pursuant to the notice of voluntary dismissal. Mr. Beinke timely filed a notice of appeal.

## II.   ISSUES PRESENTED

Mr. Beinke presents the following issues for review on appeal:

1.     Did the Trial Court commit error by delaying the entry of a voluntary nonsuit order so that it could rule on a motion to dismiss;
2.     Did the Trial Court commit error by dismissing Plaintiff Michael Beinke's TCPA claim when the facts pled in the Complaint, taken as true, establish the elements of the claim?
3.     Did the Trial Court commit error by entering, and then failing to explicitly set aside, a party-prepared order that did not reflect the Trial Court's ruling from the bench?

In their posture as appellees, the defendants raise an additional issue for review:

1.     Did the Trial Court commit error by denying Appellees/Defendants' Motion to Dismiss and by not ruling that all TCPA claims were time barred and outside of the statute of limitations period?

Although Beinke Builders did not file a notice of appeal, it joined in the reply brief filed by Mr. Beinke and also adopted Mr. Beinke's initial brief. All claims asserted by Beinke Builders were voluntarily dismissed in the trial court, but Beinke Builders explained that the defendant-appellees had raised an issue that concerned Beinke Builders, so it joined in Mr. Beinke's briefs at that point.

## III.   DISCUSSION

We begin with some general principles regarding a plaintiff's right to take a nonsuit. "Generally, '[t]he plaintiff . . . is the master of his or her complaint.'" *Stinson v. Vest Fam. Ltd. P'ship*, No. M2021-00151-COA-R3-CV, 2022 WL 534058, at *5 (Tenn. Ct. App. Feb. 23, 2022) (quoting *Chimneyhill Condo. Ass'n v. Chow*, No. W2020-00873-COA-R3-CV, 2021 WL 3047166, at *13 (Tenn. Ct. App. July 20, 2021)). "For well over a century,

plaintiffs in Tennessee have enjoyed the right to voluntarily dismiss an action without prejudice[.]" *Clark v. Werther*, No. M2014-00844-COA-R3-CV, 2016 WL 5416335, at *3 (Tenn. Ct. App. Sept. 27, 2016) *perm. app. denied* (Tenn. Jan. 19, 2017) (citing *Evans v. Perkey*, 647 S.W.2d 636, 640 (Tenn. Ct. App. 1982)). "The Tennessee rule on voluntary dismissals . . . is much more liberal than that obtaining in federal courts and in many other jurisdictions." *Weedman v. Searcy*, 781 S.W.2d 855, 856-57 (Tenn. 1989). Tennessee Rule of Civil Procedure 41.01 "'embodies the policy of Tennessee jurisprudence that the right of the plaintiff to dismiss the action without prejudice is free and unrestricted except in limited and well-defined circumstances.'" *Hurley v. Pickens*, 536 S.W.3d 419, 422 (Tenn. Ct. App. 2016) (quoting *Robles v. Vanderbilt Univ. Med. Cntr.*, M2010-01771-COA-R3-CV, 2011 WL 1532069, at *2-3 (Tenn. Ct. App. April 19, 2011)). "[E]xcept in very limited circumstances, a party can take a voluntary nonsuit without permission from the trial court." *Green v. Moore*, 101 S.W.3d 415, 419-20 (Tenn. 2003).

> Tennessee Rule of Civil Procedure 41.01(1) provides, in pertinent part:
>
> Subject to the provisions of Rule 23.05, Rule 23.06, or Rule 66 or of any statute, and except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties, and if a party has not already been served with a summons and complaint, the plaintiff shall also serve a copy of the complaint on that party; or by an oral notice of dismissal made in open court during the trial of a cause; or in jury trials at any time before the jury retires to consider its verdict and prior to the ruling of the court sustaining a motion for a directed verdict.

The Rule "permits liberal use of voluntary nonsuits at any time prior to 'final submission' to the trial court for decision in a bench trial or in a jury trial before the jury retires to deliberate." *Himmelfarb v. Allain*, 380 S.W.3d 35, 40 (Tenn. 2012) (quoting Tenn. R. Civ. P 41.01 adv. comm. cmt.). "Thus, the Rule contemplates that a voluntary dismissal may be taken late in the proceedings, when both parties have expended significant time and expense." *Douglas v. Lowe*, No. M2012-02276-COA-R3-CV, 2013 WL 6040347, at *7 (Tenn. Ct. App. Nov. 12, 2013). However, as previously noted, "[a] plaintiff's right to voluntary dismissal without prejudice is subject to the exceptions expressly stated in Rule 41.01(1) as well as to an implied exception which prohibits nonsuit when it would deprive the defendant of some vested right." *Lacy v. Cox*, 152 S.W.3d 480, 484 (Tenn. 2004) (citing *Anderson v. Smith*, 521 S.W.2d 787, 790 (Tenn. 1975)). "As long as none of these exceptions and limitations serve to restrict dismissal, Rule 41.01(1) affords a plaintiff the free and unrestricted right to voluntary dismissal without prejudice before the jury retires." *Id.*; *see, e.g.*, *Krajenta v. Westphal*, No. W2021-00832-COA-R3-CV, 2022 WL 4483412, at *2 (Tenn. Ct. App. Sept. 27, 2022) ("Under the plain language of Rule 41.01, unless an exception applied, it was error for the trial court to deny Appellants' voluntary nonsuits.").

We reiterate that "'in most situations a voluntary non-suit may be taken **as a matter of right**.'" *Ewan v. Hardison Law Firm*, 465 S.W.3d 124, 130 (Tenn. Ct. App. 2014) (quoting *Clevenger v. Baptist Health Systems*, 974 S.W.2d 699, 700 (Tenn. Ct. App. 1997)).

Notably, in this case, the trial court found that "Rule 41.01(1) clearly describes certain circumstances in which a voluntary dismissal of an action is unavailable, *none of which are applicable here*." (emphasis added). Instead of relying on the exceptions expressly stated in the Rule, the trial court relied on the "implied exception which prohibits nonsuit when it would deprive the defendant of some vested right." It concluded that "Defendants had a vested right" in this case. Accordingly, in their brief on appeal, the plaintiffs thoroughly analyzed the "vested rights" exception to Rule 41.01 and argued that "no 'vested right' existed in this case." However, the defendant-appellees' brief on appeal never even mentions the term "vested right." Instead of analyzing the exception the trial court found applicable, the defendants argue on appeal that a nonsuit was not available pursuant to the language in Rule 41.01 that permits the filing of a written notice of dismissal "at any time *before the trial of a cause*." (emphasis added). The defendants no longer dispute that the timeliness of the TCPA claim was taken under advisement at the January 5 hearing, so they now argue that the plaintiffs' notice of nonsuit "was not made 'before the trial of a cause' but instead, was done after the 'jury' and judge retired to make their final decision." In their reply brief on appeal, the plaintiffs acknowledge this change in the defendants' argument. Specifically, they state that the defendants' brief on appeal "does not attempt to support the Trial Court's determination that a 'vested right' prevented Plaintiffs from nonsuiting," and "[i]nstead, Defendants now claim Plaintiffs could not nonsuit because the Rule 12.04 Preliminary Hearing below was really a 'trial.'" According to the plaintiffs, the defendants "abandoned the Trial Court's unsupportable rationale for delaying entry of Plaintiffs' nonsuit."

We agree with the plaintiffs that the defendants have presented no argument on appeal regarding the "vested rights" exception and have instead attempted to raise a different argument. Again, in the trial court, the defendants opposed the plaintiffs' effort to take a nonsuit but did not initially cite any legal authority for their position, nor did they argue that any particular exception to Rule 41.01 was applicable. After the trial court instructed the parties to file briefs, the defendants filed a brief noting that the trial court had posed certain questions to them: "First, can a plaintiff file a notice of nonsuit when a matter is under advisement?" The defendants' answer to this question was: "A plaintiff can file a notice of nonsuit, but it does not become instantly effective or halt all proceedings and pending orders." They continued to insist that the trial court had orally dismissed the TCPA claim and that the plaintiffs' notice of nonsuit had no impact on that oral ruling. Thus, their brief stated, "Defendants do not – and have never – disagreed with Plaintiffs' right to file a notice of nonsuit, but the right to file is not synonymous with the date in which the dismissal becomes effective." They insisted that the plaintiffs' nonsuit could not "instantly halt . . orders in progress." The defendants asked the court to "merely hold the order regarding voluntary nonsuit only for the time being" until entry of the order confirming the

supposed oral ruling dismissing the TCPA claim as time-barred.  They also quoted a single sentence stating that a court "should not grant a nonsuit if doing so would deprive the defendant of some right that became vested during the pendency of the case."  They argued that the plaintiffs "should not be allowed to circumvent an award of attorney's fees and expenses associated with the Motion to Dismiss and successful dismissal of Count Two as statutorily barred by filing a Notice of Voluntary Dismissal after hearing and the Court's ruling on Count Two."  There was no mention of the language in Rule 41.01 which states, "before the trial of a cause."  Simply put, the defendants steadfastly denied that the trial court had taken the matter under advisement, so they never argued to the trial court that taking a matter under advisement is equivalent to a "trial."

"[A]s a general rule, 'issues raised for the first time on appeal are waived.'"  *Martin v. Rolling Hills Hosp., LLC*, 600 S.W.3d 322, 336 (Tenn. 2020) (quoting *State v. Rowland*, 520 S.W.3d 542, 545 (Tenn. 2017)).  Thus, we decline to address the defendants' new argument on appeal.  Instead, we will consider the applicability of the implied exception the trial court considered regarding vested rights.  This Court recently employed a similar approach when analyzing Rule 41.01 in *Britt v. Usery*, No. W2022-00256-COA-R3-CV, 2024 WL 195879 (Tenn. Ct. App. Jan. 18, 2024).  In that case, we explained that "the text of Rule 41.01 creates four exceptions to the expansive right to nonsuit," and in addition to the express exceptions in the Rule, the Tennessee Supreme Court has noted "three other limitations," including "an implied exception which prohibits nonsuit when it would deprive the plaintiff of some vested right."  *Id.* at *3 (quoting *Lacy*, 152 S.W.3d at 484).  However, we emphasized that "[n]either party asserts that any of these exceptions or exclusions apply to the present case; rather, their argumentation singularly focuses on whether the litigation had reached a point in proceedings that caused [the plaintiff] to lose his right to a voluntary nonsuit."  *Id.* at *3.  Thus, we addressed the issues on appeal "solely on the basis framed by the parties -- whether under the language of Rule 41.01(1) [the plaintiff] still had a right to voluntarily nonsuit his case -- without considering exceptions that the parties have agreed are inapplicable."  *Id.*  We will likewise confine our review to the particular exception that was argued before the trial court and found applicable in the trial court's final order – the vested rights exception.  We do not consider, and express no opinion, as to whether any of the other exceptions and limitations were applicable in this case.[2]

As noted earlier in this opinion, "[a] plaintiff's right to voluntary dismissal without prejudice is subject to the exceptions expressly stated in Rule 41.01(1) as well as to an

---

[2] We note that the same sequence of events occurred, procedurally, in *Davis v. Ibach*, No. W2013-02514-COA-R3-CV, 2014 WL 3368847, at *1 (Tenn. Ct. App. July 9, 2014), *aff'd on other grounds sub nom. Davis ex rel. Davis v. Ibach*, 465 S.W.3d 570 (Tenn. 2015), in which a trial court conducted a hearing on motions to dismiss and "took the matter under advisement," and the next day, before any ruling, the plaintiff filed a notice of voluntary dismissal.  This Court ultimately found no error in the trial court's decision to permit the plaintiff to voluntarily dismiss the case without prejudice.  *Id.* at *4.  However, there is no indication that the "vested rights" exception was argued, as it was in this case.

implied exception which prohibits nonsuit when it would deprive the defendant of some vested right." *Lacy*, 152 S.W.3d at 484 (citing *Anderson*, 521 S.W.2d at 790). "'Though not stated in the rule, the right of plaintiff to a nonsuit is subject to the further restriction that the granting of the nonsuit will not deprive the defendant of some right that became vested during the pendency of the case.'" *Id.* at 484 n.8 (quoting *Anderson*, 521 S.W.2d at 790). For instance, in *Anderson*, 521 S.W.2d at 790, the Tennessee Supreme Court examined caselaw "dealing with the question of what state of [a condemnation] proceeding the condemner can or cannot take a voluntary nonsuit." The Court had recognized "three separate stages of a condemnation suit brought under T.C.A. s 23-1401 et seq., where it is too late for the condemner to take a nonsuit." *Id.* From these cases and Rule 41.01, the Court explained that "the condemner has the right to take a nonsuit at any time prior to the case being submitted to the trier of fact for decision, *unless* the condemner has taken possession of the property under court order issued under circumstances leaving nothing to be decided by the court except the compensation to be paid the owner for the land taken." *Id.* at 791 (emphasis added). Applying that rule to the facts before it, the Court held that "when the appellee obtained a court order for possession of the property being condemned, leaving nothing to be decided except the compensation to be paid appellants for the land taken, the appellee lost its right to take a nonsuit[.]" *Id.*

In contrast, the Supreme Court did *not* find any vested rights in *Rickets v. Sexton*, 533 S.W.2d 293, 294-95 (Tenn. 1976). The chancellor had held that a nonsuit would be prejudicial and "disallowed" the same, "apparently pitching his decision on the age and infirmity of one of the parties defendant." *Id.* at 294. The Supreme Court explained:

> The right of a plaintiff to take a nonsuit is subject to the further qualification that it must not operate to deprive the defendant of some right that vested during the pending of the case. *Anderson v. Smith*, 521 S.W.2d 787 (Tenn. 1975). No such right vested in the instant case.
>
> Defendants resisted the nonsuit upon the grounds that it would deprive them of unspecified 'substantive rights concerning their defenses which would not be available in a second suit'; that they would be prejudiced by delay; and that one of them was 'totally disabled and has been under extreme tension during the pendency of the suit.' The Chancellor evidently was influenced by the fact that one of the defendants was 69 years old and in poor health. This is regrettable but is not a basis for denying plaintiffs their clear right to a dismissal without prejudice.

*Id.* at 294-95.

Since *Anderson*, this Court has observed that "it is hard to pin down the definition of a 'vested right.'" *State ex rel. Stanley v. Hooper*, No. M2000-00916-COA-R3-CV, 2001 WL 27378, at *2 (Tenn. Ct. App. Jan. 11, 2001). We noted that one court had defined it as a right "'which it is proper for the state to recognize and protect and of which [an]

individual could not be deprived of arbitrarily without injustice.'" *Id.* (quoting *Morris v. Gross*, 572 S.W.2d 902, 907 (Tenn. 1978)). We added,

In a more general sense a vested right

> [m]ust be something more than a mere expectation based upon an anticipated continuance of the existing law; it must have become a title, legal or equitable, to the present or future enjoyment of property or to the present or future enjoyment of a demand, or a legal exemption from a demand made by another; and if before such rights become vested in particular individuals, the convenience of the state induces amendment or repeal of certain laws, these individuals have no cause to complain.

16B Am.Jur.2d *Constitutional Law* § 703.

*Id.* In *Stanley*, this Court acknowledged that the appellant had a "statutory right" to a jury trial in a paternity case, "[b]ut that statutory right was not a vested right that would survive the appellee's non-suit." *Id.* We have also recognized that showing that a nonsuit would "deprive the defendant of some vested right" is a "higher standard" than the rule that applies when a nonsuit is sought while a motion for summary judgment is pending, when the court considers whether the nonsuit would cause "plain legal prejudice to the defendant." *Ewan*, 465 S.W.3d at 136-37.

This Court found the existence of vested rights in *Shell v. Shell*, No. E2007-01209-COA-R3-CV, 2008 WL 2687529 (Tenn. Ct. App. July 9, 2008). In that divorce case, the parties had participated in mediation and resolved all issues in a signed mediated settlement, the mediator had filed the final report with the court, and the defendant had filed a motion to enforce the mediated agreement, when the plaintiff attempted to take a voluntary nonsuit. *Id.* at *1-3. The trial court initially entered an order of nonsuit but set it aside and approved the mediated settlement agreement. *Id.* at *3. On appeal, this Court recognized the "implied exception" from *Anderson*, which provides that "if the defendant is deprived of a right that became vested during the pendency of the litigation, a nonsuit was prohibited." *Id.* The defendant argued that "his rights to the property awarded to him under the Mediation Agreement became vested" during the course of the lawsuit and that "the nonsuit would deprive him of his right to the property." *Id.* We noted that there was "no question that a Mediated Agreement is enforceable as a contract under general principles of contract law." *Id.* at *3 n.3. We also noted that the trial court ultimately found the agreement to be valid and enforceable. *Id.* at *3. Thus, "[a]fter these in court proceedings, the plaintiff's attempt to take a voluntary nonsuit was too late after the defendant's Motion to Enforce the Mediation Agreement." *Id.*

We also found vested rights arising out of a contractual obligation in *J.E.T., Inc. v. Hasty*, No. M2023-00253-COA-R3-CV, 2024 WL 1156558 (Tenn. Ct. App. Mar. 18, 2024). During the litigation in that case, the parties had established a discovery deadline and agreed that failure to meet that deadline would result in dismissal with prejudice, and they filed an agreed order to that effect that was approved by the trial court. *Id.* at *1. The defendant asserted that the plaintiff had failed to meet the new deadline and sought dismissal with prejudice, then the plaintiff filed a notice of nonsuit. *Id.* The defendant argued that a contractual right to dismissal with prejudice had already vested, and so the vested rights exception to Rule 41.01 barred the nonsuit. *Id.* at *2. We explained that the vested rights exception "has been repeatedly recognized by the Tennessee Supreme Court and this court" and noted "the Tennessee Supreme Court's embrace of the vested rights exception as an enduring implied exception to freely allowed nonsuits." *Id.* at *4, *6. The plaintiff did not dispute that "agreements between the parties related to the litigation that are contractual in nature can form the basis for a finding the existence of vested rights that constrain the ability to dismiss a case without prejudice," such as in the *Shell* case. *Id.* at *4 n.3. Moreover, we noted that Tennessee courts have viewed agreed orders approved by courts as being contractual in nature. *Id.* at *4. Thus, we concluded that if the plaintiff did not meet the terms of the agreement, then the defendant had "a vested right barring [the plaintiff] from obtaining a voluntary dismissal without prejudice." *Id.* at *7.

In *Haynes v. Cumberland Builders, Inc.*, 546 S.W.2d 228, 231 (Tenn. Ct. App. 1976), this Court rejected a defendant's argument that voluntary dismissal was improper "because it deprived him of his vested right to assert the Deadman's Statute." We recognized that *Anderson* "stands for the proposition that a plaintiff's right to take a nonsuit against a defendant under Rule 41 of the Tennessee Rules of Civil Procedure is subject to the qualification that the granting of the nonsuit cannot deprive the defendant of a right which has vested during the pendency of the case." *Id.* However, we noted that the *Anderson* case involved vested property rights. *Id.* We added, "[t]he availability of a legal defense is not a 'vested right' within the purview of Anderson." *Id.*

Tennessee appellate courts have declined to find vested rights in other cases as well. *See, e.g.*, *Weedman*, 781 S.W.2d at 856 (noting the defendants' argument that "they had a vested right to preserve the record of the evidentiary hearing for appellate review" but concluding that they "had acquired no vested rights of any sort in the trial transcript, insofar as appellate review was concerned"); *Peoples Bank v. Troutman*, No. E2014-01150-COA-R3-CV, 2015 WL 4511540, at *4 (Tenn. Ct. App. July 27, 2015) (rejecting the contention that the defendants "maintained a vested right to: (1) receive a grant of summary judgment due to the [plaintiff's] lack of expert testimony regarding the standard of care or (2) seek interlocutory or extraordinary appeal of the trial court's denial of their motion for summary judgment"); *Douglas*, 2013 WL 6040347, at *4 n.2, *7 (concluding the defendants failed to show they were deprived of a vested right where they claimed that a decision by the jury of view vested them with an assurance that an easement would not be placed on their property); *Trull v. Ridgeway*, No. W2004-02026-COA-R3-CV, 2005 WL 1307855, at *2

(Tenn. Ct. App. May 27, 2005) (finding no vested right that would prevent defendants from nonsuiting a counterclaim even though it barred the plaintiffs "from raising adverse possession as a defense"); *Wynne v. Bikas*, 1993 WL 127050, at *2 (Tenn. Ct. App. Apr. 23, 1993) (noting that the defendants had already filed a motion to dismiss but stating that "[w]e fail to see any vested right that the defendants have merely by plaintiff's announcement that he intended to take a voluntary nonsuit").

Finally, this Court recently considered whether a defendant's request for attorney fees in connection with a pending motion to dismiss created a "vested right" preventing the plaintiff from voluntarily dismissing its case in *Westfield Grp. Ins. v. Embry*, No. M2022-01301-COA-R3-CV, 2023 WL 6314469, at *1 (Tenn. Ct. App. Sept. 28, 2023). In that case, the defendant had filed a Rule 12.02(6) motion to dismiss and requested an award of attorney fees pursuant to Tennessee Code Annotated section 20-12-119, but before the hearing was held, the plaintiff filed a proposed order of voluntary nonsuit. *Id.* The defendant objected on the basis that the plaintiff was not entitled to a nonsuit while a motion to dismiss was pending. *Id.* Still, the trial court entered the order of nonsuit. *Id.* On appeal, we explained that the plaintiff retained its right to voluntarily dismiss its complaint even though a motion to dismiss had been filed, and we further rejected the defendant's argument that "her request for attorneys' fees created a 'vested right' preventing [the plaintiff] from voluntarily dismissing its case." *Id.* at *3-4. We explained:

> The plain language of Tenn. Code Ann. § 20-12-119(c)(3) belies this assertion:
>
>> An award of costs pursuant to this subsection (c) shall [be] made only after all appeals of this issue of the granting of the motion to dismiss have been exhausted *and if the final outcome is the granting of the motion to dismiss.*
>
> (Emphasis added). [The defendant's] motion to dismiss was never heard or granted by the trial court. Therefore, there was no "vested right" to attorneys' fees in this matter. [The plaintiff] was not deprived of its right to voluntarily dismiss its case even though [the defendant's] motion to dismiss and request for attorneys' fees was pending.

*Id.* at *4-5.

Keeping these principles in mind, it is clear that the defendants in this case did not have any "vested right," within the meaning of the implied exception to Rule 41.01, that prevented the plaintiffs from taking a nonsuit. Although the trial judge had taken a limited issue under advisement and planned to enter an order detailing its findings concerning the applicable statute of limitations, it had not made any ruling on that issue. In fact, when the trial court did ultimately consider whether the TCPA claim was time-barred, it found the

- 13 -

claim was not. Thus, permitting a nonsuit, at the point when the notice of nonsuit was filed, would not have deprived the defendants of "some right that became vested during the pendency of the case." *See Anderson*, 521 S.W.2d at 790. Therefore, the trial court erred in concluding that the vested rights exception was applicable and should have entered the order of voluntary dismissal without prejudice.

## IV. CONCLUSION

For the aforementioned reasons, we reverse the decision of the trial court to the extent it dismissed Mr. Beinke's TCPA claim with prejudice and remand for entry of an order under Rule 41.01 dismissing all claims without prejudice. All other issues are pretermitted. Costs of this appeal are taxed to the appellees, Adam Roberson d/b/a 38 Construction, Hermila Martinez d/b/a Martinez Construction, Danny Gray d/b/a Gray's Electrical and Home Improvement, and Gray's Electrical and Home Improvement, LLC, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE